[Filed April 5, 1886.]

## EMMA A. RICE v. S. W. RICE.

DEMURRER—ADMISSIONS OF.—A demurrer is not an absolute admission of the facts stated in the adverse pleading. Its only office is to raise issues of law upon the facts alleged in the pleading demurred to.

SAME—DIVORCE—CONSTRUCTION OF STATUTE.—A demurrer to a complaint in a suit for divorce is not such an admission of the facts alleged therein as is contemplated by the statutory provision that "when the suit is for any of the causes specified in subdivisions 3, 4, 5, and 6 of section 491, the defendant may admit the charge and show in bar that the suit has not been commenced within one year after the right of suit accrued.

SAME.—To avail himself of this provision the defendant must admit the charge, not merely for the purpose of ascertaining its legal sufficiency, but as an actual fact.

MULTNOMAH COUNTY.    Defendant appeals.    Affirmed.

*Raleigh Stott*, for Appellant.

*M. F. Mulkey*, for Respondent.

LORD, J.   This is a suit for a divorce.   The defendant demurred to the complaint, upon the ground that the suit had not been commenced within the time prescribed by the statute. · The court below overruled the demurrer, and the defendant refusing to further plead, upon motion, a default was taken for want of answer, and the suit referred to take and report the testimony.   Upon the report of the referee, the cause was heard by the court, and the decree rendered from which this appeal is taken.

The error complained of is the overruling of the demurrer.   The Code provides that "the defendant may demur to the complaint when it appears upon the face thereof . . . . that the action or suit has not been commenced within the time limited by this Code."   (Code, sec. 66, subd. 7; Id., sec. 385.)   But when the suit is for a divorce, it is provided that "when the suit is for any of

the causes specified in subdivisions 3, 4, 5, and 6 of section 491, the defendant may admit the charge, and show in bar of the suit . . . . that the suit has not been commenced within one year after the right of suit accrued." (Code, sec. 494.)   The contention of the defendant is that his demurrer is well taken, and in compliance with the requirements of the statute; that it "admits the charge, and directs attention to the complaint, upon the face of which it appears that the suit was not commenced within one year after the right of suit accrued.   It is admitted, ordinarily, in actions at law or suits in equity, that when it appears from the complaint that the action or suit has not been brought within the time limited by the statute of limitations, a demurrer is the appropriate pleading to take advantage of the statute, and bar the action or suit; but in suits for divorce the plaintiff contends that the statute, in its nature, is special and peculiar, and in order for the defendant to avail himself of it he must bring himself within its terms and provisions; that the language of the statute that "he may admit the charge, and show in bar of the suit," etc., means that he must admit the charge as a matter of fact, or of evidence, and not as a technical theory of law, before he can take advantage of it.

The real inquiry, then, is whether a demurrer or answer is the proper pleading to take advantage of the statute.   The language of the statute is that "the defendant may admit the charge, and show in bar of the suit," etc.—that is, admit the truth of the facts charged as facts, and show other facts in bar—confess and avoid—and this is precisely what the defendant claims is the effect of his demurrer.   To sustain this view, a demurrer must be an absolute admission of the facts demurred to. What does a demurrer admit?   In his treatise on pleadings, Mr. Gould says: "A demurrer to the declaration is not classed among pleas to the action, not only because

it may be taken as well to any other part of the pleadings as to the declaration, but also because it neither affirms nor denies any matter of fact, and is not therefore regarded as strictly a plea of any class, but rather an excuse for not pleading." (Sec. 43, c. 2.) "To demur is to rest or pause." And again: "A demurrer merely advances a legal proposition—it forms an issue in law. Admitting the facts so far as well pleaded, for the purpose of taking the opinion of the court preliminarily, its language is: 'Allowing all that is alleged to be true, there is not anything that calls for an answer, plea, or defense.'" (Id., c. 9.)

In *Pease* v. *Phelps*, 10 Conn. 62, the court say: "A demurrer presents only an issue in law to the court for consideration; the jury have no concern with it; and although it is a rule of pleading that a demurrer admits facts well pleaded for the sole purpose of determining their legal sufficiency, yet, as a rule of evidence, it was never supposed that a demurrer admitted anything." In *Tomkins* v. *Ashby*, Moo. & M. 32, it was held that a demurrer or plea to a bill in equity does not admit the facts charged in it, so as to be evidence against a defendant, if those facts arise in a future action between the same parties; Abbott, C. J., remarking that it was nothing more than saying " that, *supposing* the facts charged to be true, the defendant is not bound to answer."

Mr. Bliss says:

" In denying the legal conclusions from the facts pleaded, the admission of their truth as facts is necessarily implied, and the old rule was stated, substantially, that the truth of a pleading not obnoxious to a general demurrer was admitted; or more briefly, that a demurrer admitted the facts well pleaded. Thus if the demurrer is overruled, and the pleading demurred to thus held to be good, unless the demurrer is withdrawn judgment will

be necessarily rendered against the party demurring, because he has admitted the truth of the pleading; that is, has confessed the facts held to constitute a cause of action or defense.   Such is the theory, and yet it is improperly called an affirmative admission.   Nothing is in fact admitted.   The demurrant simply denies the proposition of law involved in the pleading demurred to, and the parties go to trial upon an issue of law, and if this issue is found against him, judgment goes against him. The facts are admitted only because they are not denied." (Bliss on Code Pleading, sec. 418.)

A demurrer, then, is not an absolute admission.   Its only office is to raise issues of law upon the facts stated in the pleadings demurred to.   Nor, as Crockett, J., said, is it "the office of a demurrer to set out the facts.   On the contrary, all the facts involved in a demurrer are those alleged in the pleading demurred to, and the demurrer merely raises a question of law as to the sufficiency of the facts to constitute a cause of action or defense." (*Brennan* v. *Ford*, 46 Cal. 12.)   When allegations in a pleading are admitted for the purpose of a demurrer, they are admitted for that purpose only, and should not be commented upon by the court as if they were *de facto* true.   (*Day* v. *Brownrigg*, 10 Ch. Div. 294.) It is a pleading by which one of the parties, in effect, says that the facts stated by the adverse party in his pleading, even assuming them to be true, do not sustain the contention based on them, or in a word, do not show a good cause of action or defense.   This is not admitting the facts charged as *de facto* true.   It is simply admitting the facts for the sole purpose of presenting their sufficiency to the court for determination; or equivalent to saying: "If the facts be so, the defendant is not bound to answer."   Now, this is not the kind of pleading, or the admission required by the pleading, which the stat-

ute contemplates.    It requires the admission of the charge as a fact, not assumed to be true for the purpose of ascertaining its legal sufficiency, but confessed to be true as an actual fact, and a showing of other facts in avoidance or bar of the suit.    This cannot be done by demurrer, for its office is not to set out facts.    The statute evidently contemplates that the charge admitted, and the other facts shown in bar of the suit, by the defendant, shall be embraced in one pleading to accomplish this result.    It says: "The defendant may admit the charge, and show in bar of the suit that the act complained of was committed by the procurement of the plaintiff, or that it has been expressly forgiven, or that the suit has not been commenced within one year after the right of suit accrued."    A demurrer cannot perform the office contemplated by this provision.    If a demurrer were such a solemn admission upon record as claimed by counsel, then it might be used against the defendant upon a subsequent trial of an issue of fact, and it would become, like other admissions, a part of the law of evidence; yet as evidence, we all know that it admits nothing whatever.

There was no error.    The decree of the court below is affirmed.