[Filed January 19, 1888.]

MAGDALINE EGGERTH, v. CASPER EGGERTH, RESPONDENT.

DIVORCE—FALSE ACCUSATIONS OF ADULTERY.—Such charges according to the settled law of this court entitles the injured party to a divorce.

CONDONATION—EFFECT OF.—Cohabitation after knowledge of such injury is a condonation of the offense.

CONDONATION—REPETITION OF THE OFFENSE.—Condonation is a conditional forgiveness of the offense, the condition being that the offense shall not be repeated. If repeated, the condonation is to be deemed withdrawn or avoided, and the party may rely upon the facts alleged to have been condoned.

DISTRICT ATTORNEY—PLEADING.—In a suit for a divorce, when the district attorney intervenes in behalf of the State and files a pleading therein, such pleading is governed by the same rules, so far as applicable, by which the defendant's pleading is governed.

ANSWER—BAR TO SUIT.—To render any of the matters enumerated in subdivision 4 of section 498, Hill's Code, available as a bar to plaintiff's suit, the answer must expressly "admit the charge," and they cannot be joined in an answer which denies all of such charges.

DEMURRER—ADMISSIONS BY, NOT ENOUGH.—For the purposes of the suit, all facts well pleaded are admitted by a demurrer; but such admission is not enough under this section. The admissions required must be *by answer.*

APPEAL from Umatilla County.   Reversed.

*Tustin & Leasure,* and *Ramsey & Bingham,* for Appellant.

*Bailey & Ballery,* for Respondent.

STRAHAN, J.—The plaintiff commenced this suit against the defendant for a divorce on the ground of cruelty.   The particular acts constituting cruelty alleged in the complaint are sundry accusation of adultery against the plaintiff, which are alleged to have been false.   The defendant answered the complaint, and denied the material allegations thereof; alleged condonation of the grievances mentioned.   He also, by way of recriminatory charge, alleges that the plaintiff was guilty of the crime of adultery committed with one Kemper, and also with one Walpers.   The reply denies the affirmative matter in the answer. The district attorney under the statute intervened and filed an answer of similar import to the one filed by the defendant, and thereafter conducted the defense in behalf of the State.

The cause being at issue, was referred to R. J. Slater, to take the evidence and report his findings of fact and law therein. The referee's findings fully sustain the allegations of the complaint; but the district attorney excepted to the same, and the court sustained the exceptions and dismissed the suit.   From this decree this appeal is taken.

1.   The fact that at various and sundry times the defendant made the accusations against the plaintiff alleged in the complaint, is admitted in the evidence and clearly established by the plaintiff.   This, according to the settled law of this court, entitles the plaintiff to a divorce, unless her right thereto is defeated by the affirmative matters pleaded in the answers.

2.   The acts of condonation relied upon are sufficient to defeat the plaintiff's right, unless the effect thereof be avoided by the

subsequent matter relied upon by the plaintiff. Condonation is a conditional forgiveness, the condition being that the offense shall not be repeated. If the charge or offense be repeated, then the condonation is to be deemed withdrawn or avoided, and the plaintiff may avail herself of the facts alleged to have been condoned, just as if no condonation had occurred. In this case the defendant did repeat the charges after the acts of condonation, and thus barred himself of the right to rely upon them in this suit.

3. When the district attorney intervenes in behalf of the State in a suit for a divorce, and files a pleading therein, such pleading is to be governed by the same rules, so far as applicable, by which the defendant's pleading is governed. Therefore, to bar the plaintiff's suit by affirmative matter under subdivision 4 of section 498, Hill's Code, such answer must "admit the charge."

The special defenses provided for in this section are only available when the answer expressly admits the charges in the complaint (*Rice* v. *Rice*, 13 Or. 337), and cannot be joined in an answer which denies all of such charges. For the purposes of the suit a demurrer admits all facts which are well pleaded in the pleading demurred to; but in *Rice* v. *Rice*, *supra*, this court held that such admission must be by answer, and therefore a demurrer did not present the special defense in that case that the suit had not been commenced within one year after the right accrued. This view renders unavailable in this case the special matter relied upon by the defendant as well as the State.

The decree of the court below will therefore be reversed, and a decree entered here allowing the plaintiff a divorce.