[Argued July 19, 1893; decided July 24, 1893.]

## HILL *v.* HILL.

### [S. C. 33 Pac. 809.]

1. DIVORCE — EVIDENCE.— Evidence in a suit for divorce that defendant frequently charged plaintiff with unchastity, without stating the times, places, persons, or circumstances, is too indefinite and uncertain to warrant a decree.

2. DIVORCE — PLEADING CONDONATION.— In a divorce suit defendant may take advantage of the defense of condonation without pleading it.

3. DIVORCE — ADMISSIONS IN PLEADINGS.— Admissions in an answer in divorce proceedings do not warrant a decree, but plaintiff must establish a good cause of suit independently of them.

Douglas County: J. COREY FULLERTON, Judge.

Suit by Lucy J. Hill for a divorce from W. J. Hill. There was a decree for plaintiff and defendant appeals. Reversed.

*E. O. Potter,* for Appellant.

*L. Bilyeu,* and *A. C. Woodcock,* for Respondent.

MR. JUSTICE BEAN delivered the opinion of the court:

This is a suit for divorce on the ground of cruel and inhuman treatment. The complaint charges "that defendant has been jealous of plaintiff without cause, and has for the past three years continued to be jealous of plaintiff, and has frequently accused the plaintiff falsely, and without cause, of being guilty of unchastity, and of having committed adultery, by saying to plaintiff, that 'you [plaintiff] have been having sexual intercourse with other men besides me' [defendant], and that said defendant made such accusations frequently during February, 1891. The persons meant by defendant, plaintiff cannot now state. That each, all, and every of said charges were false and untrue in fact, and defendant knew the

same, and made them to vex and annoy the plaintiff." It is doubtful whether this allegation is sufficiently definite and certain to constitute a cause of suit, but we pass that question.

1. The record discloses that plaintiff and defendant were married in this state on the tenth day of February, 1878, and continued to live together as husband and wife until some time in 1888, when the defendant, having met with financial reverses, went to Kansas, with plaintiff's consent, to seek a new location, with the understanding that he should send for his family as soon as he could provide a home for them. The only ground for the divorce alleged is that of imputation of a want of chastity, and the only evidence in the record tending in any way to support the charge is the testimony of plaintiff, given in response to leading interrogatories, and is as follows: "Q. How has defendant treated you during your married life? A. He has not treated me very well for the last six years. He has been jealous and accused me of not being true to him. He thought I was too free with others and allowed them privileges I hadn't ought to. Q. Did he ever accuse you at any time of having had sexual intercourse with other men? A. He did, frequently. Q. Did he have any reason for so accusing you? A. He never. Q. You may state what effect the action of defendant toward you had on you as to your happiness while living with him? A. It has made me very miserable, and has impaired my health. It has insulted me and wounded my feelings." This testimony is flatly contradicted by the defendant, but even if uncontradicted, is clearly too indefinite and uncertain as to time, place, persons, and circumstances to entitle her to a divorce.

2. The accusation of adultery, so far as this testimony discloses, if made at all, may have been made at any time during the married life of the parties, and have been fully condoned by subsequent cohabitation, and if this be so

the plaintiff is not entitled to a decree of divorce, although the defendant has not pleaded the condonation: Stewart on Marriage and Divorce, § 311; 2 Bishop on Marriage, Divorce, and Separation, § 631; *North* v. *North,* 5 Mass. 320.

3. It is claimed that the defendant by his answer admits the charge, and that such admission should be taken against him. It is true the answer does technically admit that defendant accused the plaintiff of the crime of adultery, but this admission is only the result of an imperfect denial, and evidently not intentional on the part of the defendant; but if it was otherwise, or no answer whatever had been filed, the plaintiff must still make out her case before she is entitled to a decree. As was said by LORD, J., " It is our duty to remember that the contract of marriage, unlike other contracts, the state is specially interested in preserving unbroken, and that the contracting parties cannot annul it, nor the court, except for the causes specified in the statute, and only then when satisfactory evidence that such cause or causes exist ": *Wheeler* v. *Wheeler,* 18 Or. 262. The courts regard the marriage contract with peculiar favor, and will not dissolve it upon the mere disagreement of the parties under it, or their failure to live happily together: *Adams* v. *Adams,* 12 Or. 176; *True* v. *True,* 6 Minn. 436.

Looking at this entire record, we are of the opinion that plaintiff has not proven a case entitling her to a divorce, and the decree of the court below must be RE-VERSED and the COMPLAINT DISMISSED.