Argued July 16, modified September 15, 1914.

## MATLOCK *v.* MATLOCK.

### (143 Pac. 1010.)

**Divorce—Defenses—Fault of Plaintiff.**

1. While it is not necessary, in order for a court of equity to dissolve a marriage, that the complaining party be wholly without fault, yet, if the conduct of the parties is reprehensible in a kindred degree, the court ought not to interfere at the instance of either.

[As to right of annulment of void marriages when parties are *in pari delicto*, see note in Ann. Cas. 1913D, 456.]

**Husband and Wife—Marriage Settlements—Construction of Contract—Statute of Frauds.**

2. Under Section 808, subdivision 4, L. O. L., declaring void an agreement on consideration of marriage other than a mutual promise to marry, unless some note or memorandum expressing the consideration be in writing, subscribed by the party to be charged or his agent, an oral promise by a man to transfer property to a woman after she became his wife, and the execution of a deed which was not delivered till six months after marriage, did not constitute a prenuptial settlement, but a postnuptial gift.

[As to marriage settlements, see notes in 50 Am. Dec. 371; 27 Am. Rep. 26.]

From Lane: LAWRENCE T. HARRIS, Judge.

This is a suit by J. D. Matlock against Mary F. Matlock for a divorce. From a decree in favor of defendant on a cross-complaint, plaintiff appeals.

MODIFIED.

For appellant there was a brief over the names of *Mr. J. M. Pipes, Mr. L. Bilyeu* and *Messrs. Woodcock & Smith,* with oral arguments by *Mr. Pipes* and *Mr. Bilyeu.*

For respondent there was a brief over the names of *Mr. William M. Wilson* and *Messrs. Thompson & Hardy,* with oral arguments by *Mr. Wilson* and *Mr. Charles A. Hardy.*

Department 2. MR. JUSTICE MCNARY delivered the opinion of the court.

This is a suit to dissolve a marriage contract. Plaintiff initiated the proceedings, assigning as a reason, cruel and inhuman treatment on the part of the defendant. The attack of plaintiff was met by an answer containing general denials and a cross-complaint alleging inhuman conduct by plaintiff. The parties intermarried at the City of Eugene April 30, 1912, plaintiff then being 73 and defendant 54 years of age. They lived together about 9½ months. The record of their brief matrimonial venture is crowded with alternating sunshine and shadow, and a recapitulation thereof would serve no purpose, other than to supply gruel for the garrulous gossip.

1. Admittedly, in order for a court of equity to annihilate a matrimonial obligation, it is not required that the complaining party be wholly without fault, yet, when the conduct of the parties is reprehensible to

a kindred degree, the court ought not to interfere at the instance of either. When the parties are *in pari delicto,* the remedy must be sought by them, not in the constituted tribunals, but in the reformation of their conduct. Believing, from a studious review of the record, that both parties are to blame for their domestic infelicity, a decree for a divorce must be withheld: *Beckley* v. *Beckley,* 23 Or. 226 (31 Pac. 470); *Jones* v. *Jones,* 44 Or. 586 (77 Pac. 134); 14 Cyc. 848.

2. Plaintiff alleges that, at a time antedating the marriage, defendant "insisted upon having some property turned over to her," and believing defendant was acting in good faith, with the expressed agreement that she was to remain with him and treat him as a husband, he conveyed to her, subject to certain debts and liens, the following premises: "Commencing at the northwest corner of lot number one in block numbered 10 in Eugene City, Lane County, Oregon, as designated on the plat or plan of said town, thence south on alley 28 feet, thence east 49 feet, thence north 28 feet, and thence west to the place of beginning, being a part of said lot numbered one in block numbered 10 of said city in Lane County, Oregon," reserving unto himself, however, a life estate therein. Further complaining, plaintiff avers that the deed was made in "anticipation of plaintiff and defendant entering into a marriage contract, and by virtue thereof becoming husband and wife." The charge is made directly that defendant's motive for the marriage was largely mercenary, or at least of a very practical character. At the trial of the case, plaintiff produced no written agreement embodying the contract specified in his complaint, though he gave oral testimony of such an understanding. It appears that, but a day prior to the marriage, plaintiff

executed a deed of the foregoing premises to defend-
ant, and, without delivering the instrument, placed it
in a safe, where it remained until about six weeks after
the marriage of the parties, when it was delivered to
defendant, who caused it to be recorded.  Concerning
transactions of this character, the Code says (Section
808, L. O. L. subd. 4):

"In the following cases the agreement is void unless
the same or some note or memorandum thereof, ex-
pressing the consideration, be in writing and sub-
scribed by the party to be charged, or by his lawfully
authorized agent; evidence, therefore, of the agree-
ment shall not be received other than the writing, or
secondary evidence of its contents, in the cases pre-
scribed by law: * * 4. An agreement made upon con-
sideration of marriage, other than a mutual promise to
marry."

In view of the statute, the contract alleged by plain-
tiff was required to be in writing, unless a sufficient
performance was shown to take the same out of the
statute.  Aside from the marriage of the parties and
the execution of the deed, nothing was done which
would place the transaction beyond requirement of the
statute of frauds.  Elucidating this point, Mr. Chief
Justice THAYER said, in *Adams* v. *Adams,* 17 Or. 247
(20 Pac. 633):

"We are not authorized to construe the statute as
though it read in effect that an agreement made in con-
sideration of marriage is void, unless the same is in
writing, or *unless the parties actually consummate
the marriage.*  It was not intended to mean that, but
was intended to mean that all antenuptial agreements
concerning settlements, advances, and other pecuniary
matters, made upon consideration of marriage, should
be reduced to writing in some form, in order to pre-
vent frauds and perjuries."

From what has been said, we conclude that there was no prenuptial settlement, but rather a postnuptial gift.

Let the decree of the Circuit Court be modified, and a decree be entered therein in accordance with this opinion, with costs against plaintiff.      MODIFIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE EAKIN and MR. JUSTICE BEAN concur.