Argued February 3, modified February 15, rehearing denied March 7, 1916.

## SPADY v. SPADY.

(155 Pac. 169.)

**Divorce—Actions—Right to.**

1. Where plaintiff married defendant merely to obtain someone to care for his children by a former marriage, and plaintiff married to obtain a home and a share in plaintiff's property, and the two disagreed, defendant being unable to reside amicably with the children, neither is entitled to divorce.

[As to degree of proof required to establish cause for divorce, see note in Ann. Cas. 1913B, 1216.

From Multnomah: GEORGE N. DAVIS, Judge.

This is a suit by John Spady against Katherine Spady, in which the plaintiff seeks to have their marriage contract annulled and he be given an absolute divorce. The defendant filed a cross-bill, and from a decree in her favor, plaintiff appeals. The facts are set forth in the opinion of the court.

MODIFIED.  SUIT DISMISSED.

For appellant there was a brief with oral arguments by *Mr. Harold V. Newlin* and *Mr. W. A. Burke.*

For respondent there was a brief and an oral argument by *Mr. J. B. Ofner.*

Department 1.    Opinion PER CURIAM.

The plaintiff's former wife died, leaving to his care seven children, ranging in age from 2 to 16 years. About 7 months after her death he married the defendant in this suit, July 17, 1907. She herself was a widow, whose husband had died in Russia. She had come to America to live with her son and his family in Portland, Oregon. She states that the plaintiff told her about his children, but although they all lived in his home in Portland, she never went there nor saw any of them before her marriage. It appears in evidence that as an inducement to the marriage the plaintiff paid the defendant's son $100 to cover her fare from Europe to this country. The plaintiff testifies that he married the defendant so he could have someone to take care of his children. Both freely admit that if it were not for the children they could get along pleasantly as husband and wife. The plaintiff is a scavenger by occupation and is away from home most of every day. The defendant did not get along well with the children. It appears in testimony, although it is not pleaded, that after a few years' living with him she sued him for a divorce and was unsuccessful, her suit being dismissed. It is disclosed that about 10 days after that disposition of the former case she went back to her husband's home, from which she had been absent for some months, and professed a willingness to resume her marriage duties, but demanded that he go and bring back the personal belongings she had

taken away. He expressed his willingness to receive her again as his wife, but refused to go after her things, saying in substance that she took them away and could return them. The overtures ended at this point and she went away again. After she had been absent from his home all told about 2 years, the plaintiff instituted this suit, stating in general terms that the defendant had continually treated him in a cruel and inhuman manner, and scolded, cursed and abused the plaintiff, and more particularly his children by his former marriage, all of which has rendered his life burdensome. He also alleges in substance that the defendant had deserted him for a period of 2 years prior to the commencement of this suit.

The defendant returned to the charge, denying all the plaintiff's statements, except the marriage, the allegation about his children by his former marriage, and the ownership of his property. She charges him with inflicting personal indignities rendering her life a burden, in that he threatened to kill her, in consequence of which she was compelled to seek shelter at the home of her son; and that although she returned to his home about January 14, 1913, he set upon her and summarily ejected her, all the while cursing and reviling her and telling her that if she ever dared return he would surely kill her, whereupon she returned to her son, upon whose charity she has ever since then subsisted. What seems to be the most important part of her cross-bill is her allegation about his realty and personal property and her demand for alimony.

Issue is joined by the reply, and a trial resulted in a decree in favor of the defendant, from which the plaintiff appeals.

It is of no moment that we recite the testimony, although it has been carefully read. It is enough to

say that it is apparent that the plaintiff wanted a housekeeper and that the defendant wanted not only a home, but a considerable part of the plaintiff's property. This, taken together with the friction between the defendant and the children, constitutes the real essence of the case. Neither party is without fault. The alliance was one of mere convenience and has become inconvenient. The case presents no equitable aspect. The marriage contract ought not to be degraded to the level of a mere barter nor rescinded as one would a sharp trade of scrub horses. The proper solution of the case is that neither party is entitled to relief, and that the suit be dismissed, without costs or disbursements being allowed to either party.

The decree of the Circuit Court will be thus modified.

Modified.   Suit Dismissed.   Rehearing Denied.