Argued February 15, affirmed April 18, 1922.

## KRUSCHKE *v.* KRUSCHKE.

(205 Pac. 973.)

**Divorce—Husband's Failure to Require His Children to Treat Their Stepmother Respectfully Made Their Conduct His Own.**

1. A husband owes his wife the duty of protection from insult and abuse from his children by a former marriage, and his failure to punish and correct his children for misconduct and disobedience to their stepmother made their conduct the husband's own, even though he did not encourage them in their treatment of the wife.

**Divorce—Wife's Failure to Treat Stepchildren With Consideration is Misconduct.**

2. It is the duty of a wife to exert herself to promote the welfare of her stepchildren and to treat them with consideration and kindness.

**Divorce—False Accusation Against Husband as Ground must be Considered in Light of His Accusation Against His Wife.**

3. In proceedings for divorce, an accusation by the wife that her husband had had improper sexual relations with his daughter must be considered in the light of all the related transactions occurring between the parties, including the husband's charge that the wife had attempted to poison the daughter.

**Divorce—Condonation Shown by Evidence but not Pleaded can be Considered.**

4. Where the evidence clearly shows that a matrimonial offense has been condoned, the court may consider such condonation, although not pleaded.

———

1. On abuse by relatives of other spouse as cruelty constituting grounds for divorce, see note in 3 A. L. R. 993.

4. On the question of condonation of cruel treatment as defense in divorce decree, see note in 14 A. L. R. 931.

On condonation of matrimonial offenses, see notes in Ann. Cas. 1912C, 3; Ann. Cas. 1918A, 651; 6 B. R. C. 589.

Divorce—Husband cannot Rely on Repetition of Condoned Accusation, Where He also Repeated False Accusation Against His Wife—Parties Equally at Fault not Entitled to Divorce.

5. A husband cannot rely for divorce upon a false accusation by his wife, charging him with immoral conduct with his daughter, repeated at the trial after having been previously condoned by him, where he at the trial repeated a false accusation that his wife had attempted to poison the daughter, which had likewise been previously condoned, but such recriminations at the trial leave the parties equally at fault as they were originally, and neither is entitled to the divorce.

From Marion: GEORGE G. BINGHAM, Judge.

Department 2.                              AFFIRMED.

For appellant there was a brief and oral argument by *Mr. Custer E. Ross.*

For respondent there was a brief and oral argument by *Mr. Donald W. Miles.*

McCOURT, J.—This is a suit for divorce instituted by the wife. Both parties seek a divorce, and each charges the other with cruel and inhuman treatment. After hearing the evidence offered by the respective parties, the Circuit Court found that both parties were at fault, and entered a decree dismissing the suit. Both plaintiff and defendant appeal from that decree.

The parties were married at Salem, Oregon, November 2, 1915. At the time of the marriage plaintiff was forty-eight years of age and defendant was forty-three years of age, and a widower with five children, the youngest eight years of age and the oldest eighteen years of age. Among defendant's children was one daughter, aged sixteen. Both plaintiff and defendant were accustomed to farm life, and after their marriage made their residence upon a small farm owned by defendant near Silverton, Oregon.

Defendant's children regarded plaintiff's entry into the family as an intrusion, and plaintiff at the same time evinced a disposition of harshness and intolerance towards the children, and formed a violent dislike for the daughter. The ill feeling thus existing between the children and the stepmother resulted in frequent clashes between them which involved plaintiff and defendant.

During the first year of plaintiff's residence with defendant plaintiff quarreled frequently with the daughter of defendant, and on one occasion at least struck the latter, and about the same time plaintiff charged the defendant with sustaining improper sexual relations with his daughter. The charges made by plaintiff were referred by plaintiff and defendant to the pastor of the church of which they were both members, and after consultation it was recommended that the daughter, Mildred, be sent to live with her grandmother in the State of Washington, which was done, and thereafter until on or about the twentieth day of February 1920, plaintiff and defendant lived together and cohabited as husband and wife, and the matter of the charges of improper relations between the daughter and defendant was not again referred to, until the trial of this suit, when plaintiff reiterated them under oath while upon the stand as a witness. Plaintiff had no reasonable ground of suspicion upon which to make the charges against defendant of improper relations with his daughter, and the charges were false.

As a probable result of the accusations mentioned, the unfriendly feeling between the plaintiff and the children of defendant was increased, and in many instances they treated her discourteously, and did many things to annoy and vex her. At one time

Virgil, the oldest son of defendant, forcibly ejected plaintiff from the dining-room when she had provoked a quarrel with him, and at another time, in the presence of defendant and without interference or protest from him, the son Virgil slapped plaintiff in the face. On one occasion some of the children shot at the plaintiff from the barn with an airgun, and the son Walter stole numerous articles of jewelry from plaintiff, for which she had him arrested. Walter also at another time brought home a clock which the plaintiff professed to believe he had stolen. Plaintiff took the clock from Walter, and in the controversy that ensued, defendant sided with his son. In these instances the defendant did not exert himself to correct his children or require them to accord the plaintiff the consideration to which she was entitled, and on one occasion falsely accused plaintiff of administering poison to his daughter Mildred.

In the month of February, 1920, the defendant rented his farm and disposed of the greater part of his personal property, and left plaintiff, going to the State of California. Defendant did not thereafter return to plaintiff, and since leaving has not contributed to her support.

1. Defendant owed plaintiff the duty of protection from insult and abuse. It was incumbent upon him to exert himself in good faith to require his children to treat plaintiff courteously and with consideration, and to punish and correct his children for misconduct and disobedience to plaintiff. By his failure to restrain the children or to punish or correct them, even though he did not encourage them in the treatment accorded plaintiff, defendant adopted responsibility for their misconduct towards plaintiff, and made that misconduct his own: *Hall* v. *Hall,* 9 Or. 452, 455;

*Day* v. *Day,* 84 Iowa, 221 (50 N. W. 979); *Dakin* v, *Dakin,* 1 Neb. (Unof.) 457 (95 N. W. 781). Also see *Thompson* v. *Thompson,* 205 Mich. 124 (171 N. W. 347, 3 A. L. R. 990 and note).

2. On the other hand, it was the duty of plaintiff to exert herself to promote the welfare of her stepchildren and to treat them with consideration and kindness: *Nickerson* v. *Nickerson,* 34 Or. 1 (48 Pac. 423, 54 Pac. 277); but instead of so doing, plaintiff sustained toward her stepchildren an attitude of hostility; she assaulted her stepdaughter, and made false and humiliating charges against her, in the presence of defendant and her brothers; she publicly accused the son Walter of the crime of larceny; she entered into needless quarrels with the son Virgil, and to a large extent provoked the conduct of the children toward her, upon which she bases her claim to a divorce from defendant.

3. In support of his claim for affirmative relief, defendant cites the cases of *Smith* v. *Smith,* 8 Or. 100; *Eggerth* v. *Eggerth,* 15 Or. 626 (16 Pac. 650); *Harberger* v. *Harberger,* 16 Or. 327, 328 (14 Pac. 70), holding that for a wife to make a false charge of adultery against her husband which she unsuccessfully attempts to prove at the trial, constitutes cruel and inhuman treatment, and is ground for divorce.

In order for defendant to succeed in this contention, it is necessary to separate the accusations relied upon, from the numerous incidents which make up the domestic discord of the parties, that continued over a period of more than four years. The character of an act relied upon as a cause of divorce must be determined in the light of all the related transactions occurring between the parties. Contemporaneously with the accusations made by plaintiff, defendant

accused plaintiff of administering poison to his daughter. Shortly thereafter the daughter was sent away, when the trouble caused by her presence in the family ceased, and the parties each expressly condoned the wrong of the other in respect to the accusations mentioned.

4. Where the evidence clearly shows that a matrimonial offense has been condoned, the court may consider such condonation, although not pleaded: *Hill* v. *Hill,* 24 Or. 416 (33 Pac. 809); *Saville* v. *Saville, ante,* p. 117 (203 Pac. 584).

5. Defendant contends, however, that plaintiff's offense was revived when as a witness upon the stand plaintiff renewed the accusations previously made by her. If the testimony given by plaintiff had this effect, it was nevertheless offset by the testimony of defendant when he in turn renewed the accusation against plaintiff that she administered poison to his daughter. The position of neither party was changed or strengthened by the mutual recrimination indulged in upon the trial. Both parties were at fault and mutually contributed to the conditions of which they respectively complain, and in this situation neither is entitled to a divorce: *Beckley* v. *Beckley,* 23 Or. 226 (31 Pac. 470); *Jones* v. *Jones,* 44 Or. 586 (77 Pac. 134); *Matlock* v. *Matlock,* 72 Or. 330 (143 Pac. 1010); *Spady* v. *Spady,* 79 Or. 421 (155 Pac. 169); *Hengen* v. *Hengen,* 85 Or. 155 (166 Pac. 525); *Crumbley* v. *Crumbley,* 94 Or. 617, 623 (186 Pac. 423).

The decree of the Circuit Court is affirmed, without costs to either party.          AFFIRMED.

HARRIS, BEAN and BROWN, JJ., concur.