Argued January 14; reversed March 17, 1931

AMEND *v.* AMEND

(296 P. 875)

*Guy O. Smith, of Salem,* for appellant.

*W. C. Winslow, of Salem,* for respondent.

RAND, J. Plaintiff commenced this suit for divorce on the ground of cruel and inhuman treatment. Defendant answered, denying the acts of cruelty alleged in the complaint and prayed for a divorce upon the ground that plaintiff had committed adultery on October 27, 1928, with one Newt Ellis, which charge was denied by the reply. Upon the issues thus joined, the cause was tried in the court below and, from a decree in favor of defendant, plaintiff has appealed.

It appears from the evidence that the parties intermarried at St. Paul, Minnesota, on October 1, 1914, and later removed to Oregon, where they have since resided on a farm near Salem, and that there are three minor children, the fruits of the marriage. There was evidence offered upon the trial tending to show that defendant had committed the acts of cruelty charged in the complaint. There was also evidence offered by defendant as a witness in his own behalf that on October 27, 1928, he had been personally present and had seen acts done by plaintiff and Newt Ellis which convinced him that plaintiff had committed adultery with Ellis at said time. There is no other specific act of adultery charged in the answer or testified to by any witness, although there was a general charge made by the answer that plaintiff had committed acts of adultery with Ellis previously at times and places unknown to defendant. It also appeared from the evidence that on or about November 1, 1928, because of their marital troubles, plaintiff left defendant, remained away from him until January 1, 1929, when a complete reconciliation took place and they resumed their marital relations with each other and thereafter for a short time lived and cohabited together as husband and wife. Both parties

so testified. The specific allegation contained in the complaint in respect to this reconciliation and agreement to condone is as follows:

"That on account of the conduct of the defendant herein plaintiff left said defendant in about the month of November, 1928, and remained away from him until the 1st day of January, 1929, at which time a complete reconciliation between said parties was effected, and at said time the plaintiff herein expressly forgave the defendant for his past ill treatment and agreed to return to their home and resume the marital relations on condition that said offenses should not be repeated by the defendant."

Then follows an allegation of defendant's promise to not repeat his former offenses and his failure to perform the terms of his agreement by cursing and swearing at her, calling her vile and indecent names, and accusing her of having committed the crime of adultery. The specific allegation contained in the answer is as follows:

"That thereafter and about the 1st day of January, 1929, a reconciliation was perfected between plaintiff and defendant, and plaintiff returned to the home of defendant and lived with defendant for a while as defendant's wife."

Following which is an allegation that it was a term of the agreement that plaintiff should discontinue associating with other men and should attend to the duties she owed to the children and to the defendant, and that she had failed to perform the agreement by associating secretly and without his consent with other men.

■ A careful examination of the entire testimony in the case shows a total want of any evidence of such association or of any imprudent or wrongful act done by plaintiff after the reconciliation had been effected

and the marriage relations had been resumed. As said by this court in *Eggerth v. Eggerth,* 15 Or. 626 (16 P. 650).

"Condonation is a conditional forgiveness, the condition being that the offense shall not be repeated. If the charge or offense be repeated, then the condonation is to be deemed withdrawn or avoided, and the plaintiff may avail herself of the facts alleged to have been condoned, just as if no condonation had occurred."

It is the conditional forgiveness or remission by a husband or wife of a matrimonial offense which the other has committed and the condition is that the offense will not be repeated and that the offender will thereafter treat the injured spouse with conjugal kindness, and while the condition remains unbroken the condonation is an absolute bar to the remedy for the particular injury condoned: *Saville v. Saville,* 103 Or. 117 (203 P. 584), and authorities there cited. Or, as stated by Bishop, in 1 Bish. on Marriage and Divorce, (1st Ed.), §§ 269 and 308:

"Condonation is the remission, by one of the married parties, of an offense which he knows the other has committed against the marriage, on the condition of being continually afterward treated by the other with conjugal kindness,—resulting in the rule that while the condition remains unbroken there can be no divorce, but a breach of it revives the original remedy."

Hence, so far as entitling defendant to a divorce because of the offense charged to have been committed by plaintiff on October 27, 1928, if committed as contended for, it is wholly immaterial whether plaintiff was guilty of the offense charged or not, for the facts were known to the defendant and the offense, if committed, was condoned by the subsequent voluntary cohabitation between the parties and this operates as

a complete bar of any remedy for the condoned offense unless the matters to which we now refer operate to remove the bar.

In the instant suit the plaintiff did not admit the adultery and plead condonation in bar of the suit but she denied the adultery and pleaded condonation. Section 6-911, Oregon Code 1930, provides that:

"In a suit for the dissolution of the marriage contract on account of adultery, the defendant may admit the adultery, and show in bar of the suit, either,— * * * 2. That the act has been expressly forgiven, or impliedly so, by the voluntary cohabitation of the parties after knowledge thereof."

In *Rice v. Rice,* 13 Or. 337 (10 P. 495), where the suit was not based upon a charge of adultery and the question arose upon the demurrer to the complaint, the court, in construing this statute, said inter alia:

"* * * The language of the statute is that 'the defendant may admit the charge, and show in bar of the suit,' etc.—that is, admit the truth of the facts charged as facts, and show other facts in bar—confess and avoid."

In *Eggerth v. Eggerth,* supra, Mr. Justice STRAHAN, speaking for the court, said:

"The special defenses provided for in this section are only available when the answer expressly admits the charges in the complaint (*Rice v. Rice,* 13 Or. 337), and cannot be joined in an answer which denies all of such charges. For the purposes of the suit a demurrer admits all facts which are well pleaded in the pleading demurred to; but in *Rice v. Rice,* supra, this court held that such admission must be by answer, and therefore a demurrer did not present the special defense, in that case, that the suit had not been commenced within one year after the right accrued. This view renders unavailable in this case the special matter relied upon by the defendant as well as the state."

According to the decision in *Rice v. Rice,* it was held that before condonation could be available as a defense the defendant must first admit the charge and then allege the facts constituting the condonation; in other words, must confess and avoid, and in the Rice case it was held that the admission and the avoidance must both be alleged in the same pleading. Under those decisions, both elements were essential; that is, there must be both an admission as to the truth of the charge and a statement of the facts constituting the condonation. Hence, if, under the statute, one is not necessary to be pleaded, the other is also unnecessary for the same reason. The two decisions referred to have not since been followed in this court and a contrary rule has been announced in *Hill v. Hill,* 24 Or. 416 (33 P. 809), in which Mr. Justice BEAN, speaking for the court, said:

"The accusation of adultery, so far as this testimony discloses, if made at all, may have been made at any time during the married life of the parties, and have been fully condoned by subsequent cohabitation, and if this be so the plaintiff is not entitled to a decree of divorce; although the defendant has not pleaded the condonation: Stewart on Marriage and Divorce, § 311, 2 Bishop on Marriage, Divorce, and Separation, § 631; *North v. North,* 5 Mass. 320."

The reason for that decision is based upon the rule announced by Bishop which was cited but not quoted in the opinion. It reads as follows:

"By reason of the suit being triangular, and the public being a party to it, a fact of condonation appearing is fatal to the plaintiff's claim, though the defendant has not pleaded it; not because the latter has any just right to take the objection, but because public policy does not permit the divorce. And the public, which does not plead, objects through the conscience of the judge. Chancellor Walworth went so far as to say

that if there is reason to believe this defense exists, the court, ex officio, may at any time before a final decree direct an inquiry to ascertain the fact.''

That ruling that facts constituting the condonation do not have to be pleaded was followed and applied in *Saville v. Saville,* supra, and *Kruschke v. Kruschke,* 103 Or. 601 (205 P. 973). In the first of the two cases last cited Mr. Justice McCourt, speaking for the court, said:

"Where it is clearly shown by the evidence that a matrimonial offense has been condoned, the court may deny a decree of divorce, although defendant has not pleaded the condonation.''

And in the last case he announced the same doctrine in practically the same words.

It is a rule of general application in divorce cases that ''public policy, good morals and the interests of society require that the marriage relation should be surrounded with every safeguard and its severance allowed only in the manner prescribed and for the causes specified by the law'': 19 C. J., p. 20; *Jones v. Jones,* 59 Or. 308 (117 P. 414); *Parrish v. Parrish,* 52 Or. 160 (96 P. 1066). Hence, under the decision in *Hill v. Hill,* supra, and the two latter cases referred to, where condonation of a matrimonial offense has been established by the evidence and the offense is not shown to have been repeated, it is the duty of the court to refuse a decree for the particular act condoned, whether the offense itself be admitted or denied and whether the condonation be pleaded or not.

From this it follows that since defendant had the same knowledge of the facts at the time the reconciliation took place and cohabitation was resumed that he had while on the witness stand in the trial of the cause

and failed to show a repetition of the offense complained of he is barred from asserting the act condoned as a ground for divorce in the instant case.

Nor is the plaintiff in a much better situation. She alleged in her complaint that she expressly agreed to condone all previous acts of cruelty committed against her by defendant prior to the time she resumed her marital relations with defendant. On her direct testimony, she testified as follows:

"Q. Do you think you can possibly forget these differences and go back and live together again? A. No, before the first of March we had a thorough understanding, I told him I would have to leave if he didn't stop throwing up when he would get mad at me that I had committed adultery with Newt Ellis, and after he was over it he would say he didn't believe it, and it would be the same thing over again afterwards, so it is impossible for us to live together."

On cross-examination, she modified this by stating:

"No, he didn't accuse me of adultery again, but he said 'How will I know but what you will if I let you go with your friends?' "

■ Assuming that plaintiff's testimony was sufficient to show that defendant, after resuming his marital relations with her, was guilty of other acts of cruelty and that thereby the condition on which the plaintiff had condoned his previous offenses was broken, nevertheless we are of the opinion that plaintiff is not entitled to a decree of divorce. The evidence shows that, although plaintiff may not have been guilty of adultery, yet there has been misconduct upon her part which bars her suit for divorce. See *Thomsen v. Thomsen,* 128 Or. 622 (275 P. 673), and authorities there cited.

This leads to the only question remaining in the case. The record shows that upon a proper showing

made in the court below that court entered an order requiring the defendant to pay to the clerk of the court $150 to enable plaintiff to prosecute the suit. No part of this sum has been paid. The order of the trial court requiring said sum to be paid will be affirmed and the suit will be dismissed as to both plaintiff and defendant, but plaintiff will be awarded her costs and disbursements in this and the circuit court, and defendant will be required to pay said sum of $150 to the clerk of the court below as attorney's fees. A decree will be entered here accordingly.

BEAN, C. J., BROWN and KELLY, JJ., concur.