Argued October 14; affirmed October 19, 1937

## PAYNE *v.* PAYNE

(72 P. (2d) 536)

*Roy R. Hewitt*, of Salem, and *Harry G. Hoy*, of Portland, for appellant.

*Dorothy M. Lee*, of Portland (Reuben G. Lenske, of Portland, on the brief), for respondent.

RAND, J. On November 9, 1934, plaintiff filed a complaint in the circuit court for Multnomah county, charging the defendant with cruelty and praying for a divorce and the custody of their minor child. The defendant answered, denying generally all allegations of misconduct upon his part and affirmatively alleging cruel and inhuman treatment upon plaintiff's part and likewise praying for a divorce.

After the cause had been put in issue by the filing of the reply, some testimony was taken and certain exhibits were offered and received in evidence, but before the completion of the trial the further hearing thereof was continued because of the press of other business then pending in said court.

During this intermission, on defendant's promise of future good conduct, the parties became reconciled and resumed their marital relations and, while so living together, for some reason not disclosed, the exhibits that had been previously offered upon the first hearing were delivered to the defendant. The suit, however, was not dismissed and remained pending and undisposed of by the court.

Some 15 months thereafter, the plaintiff filed a supplemental complaint, alleging that after the filing of the original complaint the marital relations had been resumed on defendant's promise of future good conduct, that the defendant had failed to perform the promise and had been guilty of other acts of cruelty toward the plaintiff, and again praying for a divorce. To this supplemental complaint the defendant answered, again charging the plaintiff with cruel and inhuman conduct and again praying for a divorce. After these allegations had been denied by the reply, the cause proceeded to trial and resulted in a decree in

favor of plaintiff, from which the defendant has appealed.

Upon this last hearing, the defendant was represented by counsel but did not appear in person or testify and at said hearing his counsel contended that, because of the resumption of the marital relations and the return to the defendant of the exhibits previously offered in the case, there was no longer any suit pending and the court had lost jurisdiction over the matters in controversy and moved to dismiss the suit upon that ground.

■■ Upon learning that the exhibits previously offered had been returned to the defendant, which had been done without the knowledge or consent of the court, he ordered that they be returned and filed with the clerk and, pursuant thereto, a part thereof were returned by the defendant and so filed. The defendant offered no explanation of his failure to return the remainder of the exhibits except that his counsel claimed that part of them were garments belonging to the child and were no longer in existence. There was no showing made that any of the missing exhibits were material or that the defendant was in any way prejudiced by their absence, nor is it now contended that any of the missing exhibits were essential to the proper determination of the suit. On the contrary, defendant's counsel, in one of the briefs filed in this court, say:

"We are not seeking a reversal of the decree upon the facts. We are asking for a reversal because there is no valid decree, the suit having been effectually at an end before the decree was made."

In the light of that admission and of the record before us, the objection that the decree was entered without a consideration of the missing exhibits and is, therefore, invalid cannot be sustained. Nor do we find

any merit in the contention that the conditional resumption of the marital relations between the parties, after the commencement of the suit, in itself alone operates to defeat the jurisdiction of the court to hear and determine the suit when it appears, as here, that the suit was not dismissed and that the conditional promise of the defendant, upon which the marital relations were resumed, was not kept. It is true that during the period in which the marital relations were resumed, neither party would, when living together as husband and wife, be entitled to maintain the suit but, after these relations had been terminated because of defendant's failure to perform the conditions on which the marital relations had been resumed, the suit not having in the meantime been dismissed, the jurisdiction of the court continued and, upon a showing that the defendant had failed to keep his promise and had been guilty of subsequent cruelty upon his part toward plaintiff, the court had jurisdiction to render a decree of divorce in the suit in favor of the plaintiff.

■ Condonation is the forgiveness, express or implied, by one of the married parties of an offense which he knows the other had committed against the marriage on the condition of being continually afterward treated by the other with conjugal kindness, and, while the condition remains unbroken, there can be no divorce, but a breach of it revives the original remedy. See 2 Bishop on Marriage, Divorce and Separation, section 269. See also *Egidi v. Egidi*, 37 R. I. 481 (93 Atl. 908, Ann. Cas. 1918A, 648), and note.

In *Tackaberry v. Tackaberry*, 101 Mich. 102 (59 N. W. 400), the husband filed a petition for divorce on the ground of cruelty. Afterward, while the petition was still pending in court, the parties resumed their marital

relation and, after living together for a while, they separated. The wife then filed an answer to the petition, charging the defendant with cruelty and drunkenness and, in disposing of this identical question, the court said: "It is clear that the reconciliation did not operate to divest the court of jurisdiction."

In *Harn v. Harn,* 155 Ga. 502 (117 S. E. 383), it was held that:

"* * * while the cohabiation of the husband and wife after the bringing of the divorce suit may have amounted to condonation, and have furnished a good ground of objection to the grant of a final verdict if it had been urged, it could not be said that 'the suit had died'. The suit was not abated, nor in effect dismissed, by the mere act of condonation * * *".

See also *Douglass v. Douglass,* 81 Iowa 258 (47 N. W. 92); *Morton v. Morton,* 117 Cal. 443 (49 P. 557).

Finding no error, the decree of the circuit court is affirmed.

BEAN, C. J., and ROSSMAN and BAILEY, JJ., concur.