ALDINA CABRAL *vs.* LAURANO CABRAL.

Bristol.    October 25, 1948. — December 2, 1948.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Marriage and Divorce,* Jurisdiction, Condonation. *Jurisdiction,* Divorce proceedings.

Jurisdiction to grant a divorce for cruel and abusive treatment was not lost merely because a condonation of such treatment occurred after the filing of the libel, where the libellee broke the implied condition of the condonation through desertion.

LIBEL for divorce, filed in the Probate Court for the county of Bristol on March 14, 1946.

The case was heard by *Fuller*, J.

*W. B. Perry, Jr.*, for the libellant, submitted a brief.

No argument nor brief for the libellee.

WILKINS, J.   This libel for divorce on the ground of cruel and abusive treatment before and on January 10, 1946, was filed March 14, 1946.   About May 15, 1946, the parties became reconciled and resumed living together as husband and wife.   There were no further acts of cruel and abusive treatment, but in July, 1946, the libellee deserted the libellant.   The libel was heard as an uncontested case.   The judge found that the libellant is entitled to maintain the libel and to have a decree nisi entered giving her custody of a minor child with support for herself and child at the rate of $20 a week, "provided this court has jurisdiction to hear said libel in view of the reconciliation and cohabitation of the parties after the libel was filed."   The case is here upon a reservation and report by the judge.   G. L. (Ter. Ed.) c. 215, § 13.

The resumption of marital relations, although a condonation by the libellant of the libellee's acts of cruel and abusive treatment, was nevertheless upon the implied condition that the libellee would thereafter faithfully observe his marital obligations, a condition which the libellee broke by deserting the libellant.   *Hartwell* v. *Hartwell*, 318 Mass. 355, 356.   While the point does not seem to have been adjudicated in this Commonwealth (compare *Gardner* v. *Gardner*, 2 Gray, 434, 441–442), on principle we perceive no reason to rule that jurisdiction was lost because condonation and breach of its implied condition occurred after the filing of the libel.   Decisions of courts of last resort elsewhere are to this effect.   *Harn* v. *Harn*, 155 Ga. 502.   *Tackaberry* v. *Tackaberry*, 101 Mich. 102.   *Payne* v. *Payne*, 157 Ore. 428. *Egidi* v. *Egidi*, 37 R. I. 481.   See *Douglass* v. *Douglass*, 81 Iowa, 258, 266.   We know of no jurisdiction where the present holding is to the contrary.

A decree nisi of divorce is to be entered with custody to the libellant of the minor child and an order for the support of libellant and child at the rate of $20 a week.

*So ordered.*