295 P.2d 704

Nellie Jane CHRESST, Plaintiff-Appellant,

v.

Fred CHRESST, Defendant-Respondent.

No. 8356.

Supreme Court of Idaho.

March 28, 1956.

Carver, McClenahan & Greenfield, Boise, for respondent.

Anderson, Kaufman & Anderson, Boise, for appellant.

TAYLOR, Chief Justice.

August 18, 1954, plaintiff (appellant) filed action for divorce on the ground of cruelty. The cruelty alleged was quarreling, abusive and obscene language, false accusations of infidelity, and threats of violence. September 10, 1954, defendant (respondent) filed a demurrer which does not appear to have been disposed of.

February 11, 1955, plaintiff filed a motion for leave to file a supplemental complaint. In the proposed supplemental complaint and affidavit supporting the motion, plaintiff alleged that defendant fraudulently persuaded her to resume marital relations with him, promising to discontinue his previous misconduct; that she was

persuaded by his promises and relying thereon did resume marital relations on or about November 10, 1954; that on or about January 7, 1955, defendant left plaintiff without cause or explanation, taking practically all movable community assets, leaving her without funds and without necessary items in the home; that defendant's purpose in effecting the reconciliation was to defraud plaintiff, vitiate her cause of action, and deprive her of her share of the community assets; and that such conduct constituted a resumption of his previous cruelty.

February 14, 1955, defendant's counsel withdrew.

March 4, 1955, defendant appeared by other counsel and April 22, 1955, filed a counter affidavit, in which he denies the reconciliation was fraudulent; and alleges that because of misconduct of plaintiff he became angered, packed his personal belongings, and drove to Ely, Nevada, where he has since resided.

The order of the court recites:

"The matter was presented to the court upon affidavits of the parties and argument of counsel and the court being fully advised in the premises, and in view of the assertions in the affidavit of the plaintiff and the allegations in the proposed supplemental complaint that there was a bona fide reconciliation of the parties in November, 1954;

"Now, Therefore, it is hereby ordered that plaintiff's motion for leave to file supplemental complaint be, and the same is hereby denied.

"It is further ordered that plaintiff's action on file herein be dismissed without leave to amend."

Condonation is a conditional forgiveness or remission by one spouse of some matrimonial offense which he or she knew the other to be guilty of, based upon the condition that the offense will not be repeated. Olson v. Olson, 47 Idaho 374, 276 P. 34; Murray v. Murray, 38 Wash. 2d 269, 229 P.2d 309; Brown v. Brown, 171 Kan. 249, 232 P.2d 603, 32 A.L.R.2d 102, Annotation b. § 4, pp. 121 and 122; North v. Ringling, 149 Fla. 752, 7 So.2d 476.

The original offense and the original cause of action arising therefrom is revived by a repetition of the offense or other breach of the conditions of the condonation. Olson v. Olson, supra; Payne v. Payne, 157 Or. 428, 72 P.2d 536; Murray v. Murray, supra; Brown v. Brown, supra; Annotation III, 32 A.L.R.2d 155 et seq.

Respondent concedes the majority rule is that if the action based upon the condoned offense is still pending at the time the breach occurs, it may be prosecuted to judgment upon appropriate supplemental pleading. Payne v. Payne, 157 Or. 428, 72 P.2d 536; Cabral v. Cabral, 323 Mass. 441, 82 N.E.2d 616; Brewer v. Brewer,

205 Ga. 759, 55 S.E.2d 147; Harn v. Harn, 155 Ga. 502, 117 S.E. 383; Egidi v. Egidi, 37 R.I. 481, 93 A. 908; 27 C.J.S., Divorce, § 62b, p. 617, note 71.

But respondent contends the rule is not applicable here because appellant pleads fraud, not condonation and breach, and that the court found against appellant on the issue of fraud.

■■■ Either fraud or breach would vitiate the condonation. Teal v. Teal, 324 Ill. 207, 155 N.E. 28; 27 C.J.S., Divorce, § 60; Annotation § 16, 32 A.L.R.2d 152; 1 Nelson on Divorce, § 11.06. They are not so inconsistent that both may not be urged. Murphy v. Russell & Co., 8 Idaho 133, 67 P. 421; Rogers v. Davis, 39 Idaho 209, 228 P. 330; Law v. Fowler, 45 Idaho 1, 261 P. 667; Naccarato v. Village of Priest River, 68 Idaho 368, 195 P. 2d 370. Assuming the court could finally conclude the issue of fraud without trial, its ruling that the condonation was bona fide left the issue of breach untouched. The action still pending, appellant should have been permitted to supplement her complaint.

■■■ True the law favors condonation and reconciliation. But the rule urged by respondent would permit an offending party to destroy the other's cause of action by a fraudulent condonation, and then flee the jurisdiction with the community assets, leaving an innocent plaintiff practically without remedy, though the action remains undismissed. That is what appellant alleges actually occurred in this case. Such issues should be tried.

The order is reversed and the cause is remanded with directions to allow appellant to file a proper supplemental complaint and proceed.

Costs to appellant.

KEETON, PORTER, ANDERSON and SMITH, JJ., concur.