Argued June 3, demurrer to writ overruled June 26,
peremptory writ issued July 12, 1963

STATE ex rel PEARCY v. LONG

383 P. 2d 377

*Desmond D. Connall,* Chief Deputy, Domestic Relations Department, Portland, argued the cause for respondent. With him on the brief were George Van Hoomissen, District Attorney and Chester W. Pecore, Senior Deputy, Civil Department, Portland.

*Paul R. Meyer,* Portland, argued the cause for petitioner. With him on the brief were Kobin & Meyer, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, SLOAN, O'CONNELL, GOODWIN, DENECKE and LUSK, Justices.

SLOAN, J.

Petitioner seeks a writ of original mandamus to require the respondent circuit judge to decide a divorce case. The distinguished judge declined to act because he believed he had lost jurisdiction. The case is now here upon a demurrer to the alternative writ issued by this court. To explain the reasons for our decision in the case it is necessary to relate the chronological events involved.

Petitioner filed her complaint for divorce on August 22, 1961. She alleged acts of cruelty. She was unable to secure service of summons upon her husband at

that time. Although petitioner and her husband resided in Portland, the husband's business and most of the parties' property were in the state of Washington and in British Columbia. In January 1962, upon her husband's promise to stop his alleged misconduct, she resumed cohabitation with him. The cohabitation continued for several months. In August 1962, petitioner again left her husband and thereafter resided separately from him. She claimed the acts of cruelty did not cease and that she could no longer tolerate her husband's conduct. On August 28, 1962, petitioner was able to personally serve her husband, for the first time, with a summons and a copy of the complaint that had been filed a year earlier. On October 1, 1962, an order of default was entered against the husband. On October 31, 1962, the divorce case was brought before respondent for determination as a default proceeding.

When the hearing started counsel advised the court about the cohabitation that had occurred after the filing of the complaint. Counsel properly was attempting to avoid any claim of fraud upon the court. At that juncture the judge ruled that he had no jurisdiction to proceed further until an additional pleading was served upon the defendant-husband to give the husband an opportunity to plead that the charges of cruelty alleged in the complaint had been condoned. At the court's insistence a pleading designated as an "Amended and Supplemental Complaint" was filed. However, the additional pleading added nothing to the allegations of the complaint. Evidence to support the allegations of the complaint then pending was submitted to the court by an offer of proof. The court declined to either grant or deny a divorce and suggested that the matter might be brought to this court. This original mandamus proceeding was then filed

to require the judge to decide the case. The basic question is: Did the judge at that time have the jurisdiction to act—to grant or refuse a divorce?

■■ The brief filed by the District Attorney of Multnomah county in behalf of the respondent submits two propositions of law. The first is that no demand was made upon respondent to act before the petition for the writ was filed. The rule in regard to demand was recently stated:

> "It is unquestionably the general rule that before mandamus will lie a relator must have demanded performance of the act or duty which he asserts it is the court's clear duty to perform. State v. Beals, 73 Or 442, 144 P 678. This, however, is not an inflexible rule. When it appears that the demand would be unavailing, demand is unnecessary." *State ex rel S. P. Co. v. Duncan,* 1962, 230 Or 179, 181, 368 P2d 733, 734.

There is evidence in this case that a demand as such would have been unavailing. In fact, the only demand that could, with propriety, have been made was by submitting the case to the judge for decision.

■ The second proposition is that the writ, and the pleadings in the divorce case attached to the writ, demonstrate that the judge did not "refuse jurisdiction to decide the case because of a mistake of law."

The problem presented by this case has been answered in *Payne v. Payne,* 1937, 157 Or 428, 430, 431, 72 P2d 536, 537, 538. The opinion is positive on the issue at hand:

> * * * "Nor do we find any merit in the contention that the conditional resumption of the marital relations between the parties, after the commencement of the suit, in itself alone operates to defeat the jurisdiction of the court to hear and determine the suit when it appears, as here, that the suit was

not dismissed and that the conditional promise of the defendant, upon which the marital relations were resumed, was not kept. It is true that during the period in which the marital relations were resumed, neither party would, when living together as husband and wife, be entitled to maintain the suit but, after these relations had been terminated because of defendant's failure to perform the conditions on which the marital relations had been resumed, the suit not having in the meantime been dismissed, the jurisdiction of the court continued and, upon a showing that the defendant had failed to keep his promise and had been guilty of subsequent cruelty upon his part toward plaintiff, the court had jurisdiction to render a decree of divorce in the suit in favor of the plaintiff.

"Condonation is the forgiveness, express or implied, by one of the married parties of an offense which he knows the other had committed against the marriage on the condition of being continually afterward treated by the other with conjugal kindness, and, while the condition remains unbroken, there can be no divorce, but a breach of it revives the original remedy. See 2 Bishop on Marriage, Divorce and Separation, section 269. See also Egidi v. Egidi 37 R.I. 481 (93 Atl. 908, Ann. Cas. 1918A, 648), and note."

It must be recognized that the opinion in the *Payne* case recites that the plaintiff in that case had filed a supplemental complaint following the attempted reconciliation. We think that the filing of the supplemental pleading neither adds nor detracts from the holding of the case just quoted. In the instant case, as in the *Payne* case, the petitioner was either entitled to a divorce upon the complaint filed and the evidence submitted or she was not. In either event, a final order and decree should have been entered.

■ It was not necessary for any additional pleading

to have been filed to enable the court to decide the case. The court had jurisdiction of the subject matter. *Matlock v. Matlock,* 1918, 87 Or 307, 170 P 528, and of the person, *Woodward v. Baker,* 1882, 10 Or 491, 493, and *Payne v. Payne,* supra, 157 Or 428. The husband-defendant in the divorce case had been served after the attempted reconciliation failed. It was not necessary for him to have plead condonation to enable the court to have decided that issue. It has been held several times that * * * "where condonation of a matrimonial offense has been established by the evidence and the offense is not shown to have been repeated, it is the duty of the court to refuse a decree for the particular act condoned, whether the offense be admitted or denied and whether the condonation be pleaded or not." *Amend v. Amend,* 1931, 135 Or 550, 556, 296 P 875, 878, 76 ALR 986; *Hill v. Hill,* 1893, 24 Or 416, 33 P 809; *Saville v. Saville,* 1922, 103 Or 117, 203 P 584; *Kruschke v. Kruschke,* 1922, 103 Or 601, 205 P 973. It is said that a divorce suit is "triangular" with the state as the third party. And that, it is, therefore, the function of the judge, as the conscience of the state, to deny a divorce when condonation appears, regardless of the state of the pleadings. 2 Bishop, Marriage, Divorce & Separation, 1891, § 631, pages 267 and 268.

■ In other words, condonation, if established, is a complete bar to any ground for divorce occurring before the condonation. And if, in the present case, the court was of the opinion that such had occurred he should have dismissed the complaint. A supplemental pleading would not have revived the cause of suit. If the conduct of the husband during and subsequent to the attempted reconciliation was insufficient to have revived the cause of action—*Claude v. Claude,* 1946,

180 Or 62, 68, 174 P2d 179, 181—the same conduct certainly would not constitute a new or independent ground for divorce. Because, as we have seen, if the conduct originally complained of had actually been condoned by later cohabitation, it could not thereafter be relied on, at any time, as a cause for divorce. We reiterate that at the time of the hearing she either had a cause of suit based upon her complaint or she had barred herself from relief by condonation and had no cause at all.

It must also be remembered that the husband's rights were in no way jeopardized. No additional relief was sought and he had been notified of the demands petitioner was making. If he were harmed by any decree granting relief, beyond the prayer of the complaint, he certainly would have had ample opportunity for a year thereafter to have the decree entered set aside. ORS 18.160.

■ What has been said is not, of course, intended to express any opinion as to whether or not there had been a condonation in this case. That is for the judgment of the trial judge to resolve. However, it is proper for a writ of mandamus to issue to require the exercise of that judgment. 5 Bancroft's, Code Practices & Remedies, 1928, § 3812, et seq, page 5090; Merrill, Mandamus, 1892, § 189, page 232; *State ex rel Bethke v. Bain*, 1952, 193 Or 688, 702, 240 P2d 958, 964. We have concluded that the demurrer to the alternative writ must be overruled. Respondents shall have 10 days from the date of the mandate in which to answer, if he so desires. In the absence of further pleading, the writ shall issue. *State ex rel Scott v. Dobson*, 1943, 171 Or 492, 503, 135 P2d 794, 798, 137 P2d 825.

Costs to neither party.