## JOHNSON v. JOHNSON.

### No. 15,273; January 26, 1894.

#### 35 Pac. 637.

**Divorce—Cruelty.**—A Complaint Alleging extreme cruelty, in that "about three years ago" defendant, without cause, struck plaintiff, and since has continually, whenever they have been together, used vile language to her, is not demurrable as failing to specify the acts relied on.

**Divorce—Cruelty—What Constitutes.**—Plaintiff's physician testified, inter alia, that her nose had been flattened by a blow that defendant admitted having struck her, but said he did not mean to, and seemed ashamed. Their son swore that he had heard his father call his mother insulting names as long as she lived with him. Since the assault, plaintiff had been generally sick in bed, and her husband's language seemed to make her worse. Held, sufficient proof of "extreme cruelty," consisting of a blow and abusive language, to the injury of plaintiff's health.

Divorce—Award of Community Property.—Plaintiff being an invalid and defendant more than able to make his living, it was proper for the court, while allowing no permanent alimony, to give plaintiff, besides most of the household furniture, the whole community house and lot, which was worth only $3,000, and was subject to a mortgage of $2,500.

APPEAL from Superior Court, City and County of San Francisco; F. W. Lawlor, Judge.

Action for divorce by Ane Johnson against Neils Johnson. Decree for plaintiff. Defendant appeals. Affirmed.

Nagle & Nagle for appellant; Neils Johnson and R. B. Wallace for respondent.

VANCLIEF, C.—Action for divorce on the ground of extreme cruelty in which the plaintiff prevailed. Besides the divorce, the decree awarded to plaintiff the custody of an infant son of the parties and the greater portion of the community property, but no permanent alimony. Defendant appeals from the judgment and from an order denying his motion for a new trial.

1. Defendant demurred to the complaint on the grounds that it is ambiguous, uncertain, and unintelligible, in that it does not appear therefrom "when or where defendant was guilty of the alleged extreme cruelty," nor "what was the nature, character, or extent of the alleged acts of extreme cruelty." The allegations of the complaint charging cruelty are as follows: "That during their marriage defendant has been guilty of extreme cruelty to plaintiff, in this: That about three years ago said defendant struck plaintiff without cause, thereby rendering her insensible, and since said time said defendant has wrongfully and unjustly, and without any provocation, continually used vile and offensive language to plaintiff whenever said plaintiff and defendant have been together, thereby inflicting upon said plaintiff grievous mental suffering, by reason of which mental suffering so inflicted by defendant, as aforesaid, plaintiff has been injured in health to such a degree that, by reason of the infliction of said mental suffering as aforesaid by defendant, said plaintiff has become sick, and her health has been greatly impaired. That further cohabitation between the plaintiff and defendant will en-

danger the physical health and the life of this plaintiff.'' This seems sufficiently definite as to the times, nature and extent or degree of the cruelty; and, from the averment that it was commenced by a beating three years before the commencement of the action, and was thence continued by abusive language ''whenever said plaintiff and defendant have been together,'' it must be understood that the places were wherever ''said plaintiff and defendant had been together'' during that period of three years, which places were presumably as well known to the defendant as to plaintiff. The demurrer does not specify, as a deficiency, that the abusive language is not set out. As against the objections specified in the demurrer, I think the complaint is barely sufficient.

2. The findings as to the fact of extreme cruelty are in the language of the complaint, and therefore support the judgment in this respect; and it is not denied that they are sufficient in all other respects.

3. The evidence was sufficient to justify the findings. The plaintiff testified to all the acts of cruelty alleged, and was sufficiently corroborated by the testimony of her physician and her son. As to the beating, the physician testified, among other things, that by a forcible blow her nose was crushed down flat on her face, and that defendant admitted he struck her, but said he didn't intend to, and appeared to be ashamed of what he had done. As to his abusive language, the son testified: ''I have heard my father call my mother hard names, such as 'whore,' 'bastard,' and 'son-of-a-bitch.' My mother's testimony in this regard is true. He called her such names as long as she was home.'' It appeared without controversy that, during the greater portion of the time after the beating, the plaintiff was sick, and thereby confined to her bed; and the tendency of the evidence is to prove that defendant's abusive language aggravated her disease.

4. Appellant contends that his offenses were condoned by the plaintiff. But condonation was not pleaded by defendant (Bishop on Marriage and Divorce, secs. 619, 645); and if it had been pleaded, there is no evidence tending to prove it, unless the mere fact that she continued to cohabit with him until the last of a long series of acts of cruelty had such tendency by implication. Conceding that, under some circumstances, cohabitation after having suffered acts of cruelty

implies condonation, it must be remembered that "all condonation, especially the implied, is upon the condition both that the offense shall not be repeated, and likewise that continually afterward the party forgiven shall treat the other with conjugal kindness; whereupon a breach of the condition revives the original right of divorce": 2 Bishop on Marriage and Divorce, sec. 308; Civ. Code, sec. 117. And section 118 of the Civil Code further provides: "Where the cause of divorce consists of a course of offensive conduct, or arises in case of cruelty from successive acts of ill-treatment which may aggregately constitute the offense, cohabitation, or passive endurance, or conjugal kindness, shall not be evidence of condonation of any of the acts constituting such cause, unless accompanied by an express agreement to condone." There is no evidence and no pretense of any express agreement to condone.

5. The house and lot awarded to plaintiff was community property, and subject to a mortgage of $2,500 and seven months' interest thereon. In his answer, defendant alleged this property to be worth only $3,000, and admitted the mortgage as above stated. The greater portion of the household furniture was also given to plaintiff. Appellant contends that the court erred in awarding the whole lot and house to plaintiff, but I think the allowance was proper and just. It appeared that plaintiff was in bad health and that defendant was able to earn more than was necessary for his support. I think the order and judgment should be affirmed.

We concur: Searls, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.