[Civ. No. 1034.    Second Appellate District.—February 11, 1913.]

## JAMES A. JOHNSTON, Appellant, v. ELIZABETH JOHNSTON, Respondent.

DIVORCE—EXTREME CRUELTY—LACHES—UNREASONABLE DELAY IN BRING-
ING ACTION—CONDEMNATION—ACQUIESCENCE.—A divorce on the
ground of extreme cruelty is properly denied on account of laches,
under sections 124 and 125 of the Civil Code, where there has been
an unexplained delay of six years in bringing the action after the
happening of the events constituting the extreme cruelty.    Such un-
explained delay creates a presumption either of condonation or
acquiescence.

ID.—REASONABLENESS OF DELAY A QUESTION FOR TRIAL COURT.—The
question whether such lapse of time is reasonable or not, within the
meaning of section 124 of the Civil Code, is for the trial court to
determine.

ID.—EXAMINATION OF WITNESSES BY JUDGE—FAILURE OF COUNSEL TO
ATTEMPT TO OFFER EVIDENCE EXCUSING DELAY.—Where the trial
judge practically tried the case, including the examination of the
witnesses, without the aid or assistance of counsel, the plaintiff can-
not afterward complain that he was afforded no opportunity to show
the facts tending to disclose a reasonable cause for the delay, if his
counsel made no effort at the trial to introduce evidence in that
connection.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order denying a new trial.
Charles Monroe, Judge.

The facts are stated in the opinion of the court.

F. W. Allender, for Appellant.

Gray, Barker & Bowen, for Respondent.

ALLEN, P. J.—The action was one for divorce upon the
ground of extreme cruelty.    The court finds from the un-
disputed evidence that the defendant was guilty of extreme
cruelty through acts committed in the years 1900, 1901, and
1902.    The action for divorce was not commenced until the
year 1908, although the plaintiff seems to have been a resi-
dent of this state since sometime in 1904.    Upon the trial,

the court of its own motion called the plaintiff as a witness and developed the fact that the only reason he could urge for not bringing the action sooner was that he had not thought of bringing it until he had lived in California quite a while and had become disgusted at her actions. The court found that an unreasonable time had elapsed, and under section 125 of the Civil Code denied the divorce on account of laches. Section 124 of our Civil Code provides that a divorce must be denied in all cases, other than where the ground of divorce is adultery or conviction of a felony, when there is an unreasonable lapse of time before the commencement of the action. The question whether this lapse of time is reasonable or not is one which the trial court must determine. Considering the long lapse of time between the occurrences complained of and the bringing of this suit, the court might well say that a presumption would arise either of condonation of the offense or acquiescence in the same. Plaintiff made no effort to introduce any testimony tending to show a reasonable excuse for his delay in bringing the action. Counsel for appellant insists that the court took charge of the examination of the witness and afforded him no opportunity to show the facts tending to disclose a reasonable cause for the delay. It is true, as appears from the record, that the court practically tried the case without the aid or assistance of counsel, but, nowithstanding this peculiar conduct of the case, plaintiff's counsel, if he so desired, might have offered to show in a proper way a reasonable excuse, and if the court had refused to permit him to make such a showing, there would be much force in his contention. But when counsel sit by and make no effort to insist upon their rights as counsel to be heard in the case, they cannot very well say that appellant's right to try his case according to the law and the evidence, and to have the aid of counsel at every stage of the proceedings, has been ignored.

We are of opinion that the judgment and order appealed from should be affirmed, and it is so ordered.

James, J., and Shaw, J., concurred.