[Civ. No. 3358. First Appellate District, Division Two.—April 25, 1920.]

EDITH SHERMAN, Respondent, v. H. G. SHERMAN, Appellant.

[1] SEPARATE MAINTENANCE—ALLOWANCE OF COUNSEL FEES—APPEAL —PRESUMPTION.—Where in an action for separate maintenance the husband permits the wife to recover judgment by default, he cannot, on appeal, attack that portion of the judgment allowing her a given sum as attorney's fees in said action on the theory that the services of counsel were completed before such allowance was made and, therefore, no award was necessary for the prosecution of the action. It will be presumed, in support of such judgment, that plaintiff proceeded in the usual and customary way by moving the court for an allowance of counsel fees necessary for the prosecution of the action and that such motion was 'granted by the court, as evidenced by its final judgment.

[2] ID.—PLEADING—ASSIGNMENT OF COMMUNITY PROPERTY TO WIFE— ERRONEOUS JUDGMENT.—In an action for separate maintenance, where the allegations of the complaint relating to the community property are inserted for the purpose of procuring an injunction to restrain the defendant from disposing of such property and the judgment is by default, the court is not authorized to award the plaintiff the sum which she alleges is necessary for her support and maintenance, and which she prays that the court award her for that purpose, and in addition thereto assign her all the community property.

APPEAL from a judgment of the Superior Court of San Luis Obispo County. T. A. Norton, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

S. V. Wright for Appellant.

W. C. Carpenter and M. R. Van Wormer for Respondent.

NOURSE, J.—Plaintiff recovered judgment against defendant by default upon a complaint for separate maintenance charging him with adultery. The judgment awarded plaintiff the sum of seventy-five dollars per month for her support and maintenance in accordance with the allegations of the complaint, and in addition thereto allowed

her the sum of one hundred dollars as attorney's fees in said action and assigned to her all the community property of the respective parties. The appeal is taken from the portions of the judgment awarding attorney's fees and assigning the community property.

In respect to the matters complained of, the complaint alleges that the parties owned certain community property consisting of money in bank and an automobile, all of which it is alleged the defendant threatened to withdraw and dispose of for the purpose of leaving plaintiff without means of support. It is further alleged that the plaintiff will, "unless she has some maintenance from her said husband, be dependent upon her friends for support. That the sum of seventy-five dollars per month is a reasonable sum to be allowed this plaintiff for her support and maintenance." The prayer of the complaint asks for a reasonable sum as temporary and permanent alimony for the support of the plaintiff, for counsel fees and costs, and for general relief.

[1] In attacking that portion of the judgment allowing counsel fees, appellant relies upon *Lacey* v. *Lacey,* 108 Cal. 45, [40 Pac. 1056], which holds that the court is without power to make an allowance for counsel fees in the final judgment, for the reason that, the services of counsel having then been completed, no award is necessary "for the prosecution of the action," as contemplated by section 137 of the Civil Code. But the rule of that case does not apply here, because, this being a default judgment in which no findings were necessary and no bill of exceptions presented upon the appeal, all presumptions of regularity in the proceedings must be indulged in to support the judgment. Thus, it must be presumed for want of showing to the contrary that, before the commencement of the trial, plaintiff proceeded in the usual and customary way by moving the court for an allowance of counsel fees necessary for the prosecution of the action and that this motion was granted by the court, as evidenced by its final judgment.

[2] In assigning to plaintiff the entire community property of the parties, the court was bound by the allegations of plaintiff's complaint, which alone were admitted to be true by defendant's default. Clearly the allegations relating to the community property were inserted for the purpose of procuring an injunction to restrain defendant

47 Cal. App.—14

from disposing of this property for the purpose of defeating the monthly award for maintenance for which plaintiff prayed. No notice was given to defendant that any disposition of the community property was sought. Plaintiff expressly alleged that defendant was drawing a salary of two hundred dollars per month; that the sum of seventy-five dollars per month was a reasonable sum for her support and maintenance, and prayed that the court award such reasonable sum for that purpose. Manifestly, under such allegations the court would not be justified in awarding a larger sum for the support and maintenance of the plaintiff without amendment or notice to the defendant. Under the prayer for general relief a court cannot give a plaintiff judgment by default which is not supported by the allegations of the complaint. Concededly, under the amendment of 1917 [Stats. 1917, p. 35] to section 137 of the Civil Code, the court may in an action for maintenance alone make the same disposition of the community property as could have been made if the marriage had been dissolved. But where under such section the community property is awarded to the plaintiff without dissolution of the marriage, such award can be sustained only upon the theory that it is necessary and reasonable for the maintenance and support of the wife or for the wife and children where such relief is sought. Because it is for that purpose alone that the action can be maintained, section 137 providing that "the court, in granting the wife permanent support and maintenance . . . shall make the same disposition of the community property, etc." The marriage state continues: the community is not dissolved; the parties may continue to live together and acquire and enjoy community property.

Where, therefore, the complaint expressly puts in issue the reasonableness of the sum necessary for support and maintenance by allegations that a specific sum is reasonable for such purposes, and admits, by failure to allege otherwise, that the community property is not necessary for such support and maintenance, the default of the defendant admits the issue as so presented and nothing more.

The judgment is modified by striking therefrom the portion thereof awarding to plaintiff the community property, and as so modified will stand affirmed.

Langdon, P. J., and Brittain, J., concurred.