Argued March 6, affirmed April 12, 1921.

## OLSON v. OLSON.

(196 Pac. 829.)

**Divorce—Evidence Held to Prove Cruelty to Wife.**

1. In wife's action for a divorce for cruel and inhuman treatment, evidence *held* to support judgment for plaintiff.

Divorce—$500 Alimony Judgment Against Husband Worth $1,850 Held Proper.

2. Five hundred dollars alimony judgment for wife against husband, shown to have had personal property valued at $1,850 and not shown to have had any liabilities, *held* proper.

From Benton: GEORGE F. SKIPWORTH, Judge.

Department 2.

The plaintiff prays for a divorce upon the grounds of cruel and inhuman treatment. The defendant denies the material facts stated in the complaint and for a further and separate answer alleges the same course of conduct on the part of the plaintiff towards him and prays that her complaint be dismissed. The trial court rendered a decree of divorce for the plaintiff and for an undivided one-third interest in the real property of the defendant and an alimony judgment of $500, from which the defendant appeals, contending that the evidence does not support the decree and that the plaintiff is equally in fault with the defendant and that the suit should be dismissed.          AFFIRMED.

For appellant there was a brief over the names of *Mr. George W. Denman* and *Messrs. Weatherford & Wyatt,* with an oral argument by *Mr. J. R. Wyatt.*

For respondent there was a brief and an oral argument by *Mr. E. E. Wilson.*

JOHNS, J.—1. The record is not very interesting or instructive. It is a history of family quarrels at intervals covering a period of about twenty-five years. Both parties were born in Norway, and became acquainted in the days of their youth, while working there together in the fields. The defendant came to this country first and later sent for the plaintiff, whom he called his "sweetheart," and she

came over and they were intermarried at Portland, Oregon, in May, 1895. After living in Washington County for about one year, they moved to Benton County where they have since resided. About twenty years ago the defendant filed upon a homestead and later acquired and now holds the title. Three children were born to them, two boys and one girl, the youngest of whom was about twenty-one at the time of the trial. If plaintiff's testimony is worthy of belief, she has been more or less a human chattel, and the defendant has a violent temper and has claimed and exercised the right to punish her without cause and to enforce obedience to his will by means of the rod or his physical strength. The defendant testifies that he has always been good and kind to her and done the best that he could, and claimed that he really loves her and wants her to come back home. It appears that as the result of a family row the plaintiff left the defendant about seven years ago, and at the time contemplated applying for a divorce. He then came to her and "wanted to make up and he promised to be good," and she says, "I went home and thought probably he would be better to me." She claims that he broke his promise and continued to abuse and mistreat her until she was again forced to leave him, and then brought this suit. From one cause and another, all three of the children left home when they were about fifteen years of age. They all testify that it was on account of the way their father treated them and their mother, and they testified as to specific instances of such cruel and inhuman treatment. Apparently the defendant was a firm believer in the principle that if you spare the rod, you spoil the child, and, if their testimony is true, he applied it with equal force to his wife. The evidence is conclusive that

the plaintiff was an industrious, hard-working woman. In addition to her household work she took in washing, milked the cows, and at times assisted in the grubbing and clearing of the land and the cutting of the wood and harvesting the hay, and in a large measure performed the same kind and class of work that she did in the old country as a girl, and she at least did her share in accumulating the property which the defendant now has. The testimony is conclusive that they can never again live together in peace and happiness. Although some allowance should be made in favor of the defendant as to the customs and habits of the old country, yet no man has a legal or moral right to bruise or beat his wife, or compel obedience by physical strength or domineering force or neglect her in childbirth. It is true that defendant denies all such charges, but they are sustained by the evidence of the plaintiff, and the testimony of the three children corroborates that of their mother, and, if true, it sustains her charges of cruel and inhuman treatment by the defendant. It may be they are somewhat partial to their mother. It may also be true that there is a good reason for it. It is very significant that each of them left home at about the age of fifteen years upon account of their treatment by their father and his treatment of their mother. The testimony was taken in open court, and the trial judge 'who heard and saw the witnesses testify rendered a decree for the plaintiff, and in this kind of a case much depends upon the appearance of the witnesses, their actions and conduct and the manner in which they testify. Able counsel vigorously contend that the evidence shows that both parties are equally to blame, and, in particular, that

if the decree should be affirmed, that plaintiff should not have an alimony judgment for $500.

2. The proof is somewhat conflicting as to the number of cattle, and there is but little evidence of the value of the personal property. The complaint alleges:

"That defendant owns about thirty head of cattle of the reasonable value of fifteen hundred dollars; also three horses of the reasonable value of two hundred dollars and owns Liberty Bonds, the exact amount of which is unknown to plaintiff."

The answer "admits that he owns thirty head of cows, calves and young cattle but denies that they are worth the sum of $1,500." "Admits that he owns three horses and denies that they are worth $200." "Admits that he has three Liberty Bonds valued at $150." Under such allegations and denials, the value of defendant's personal property is about $1,850, and there is nothing to show that he has any liabilities. The judgment for alimony is less than one third of the value of the personal property, and the plaintiff did at least her share in acquiring all of defendant's property. It may be that the children have sympathy for their mother and that the defendant is unfortunate in having lost their affection, but, as it appears in the record, their testimony is clear and convincing that their father was cruel and inhuman in his treatment of their mother, and that she has good grounds for a divorce.

The decree is affirmed.          AFFIRMED.

BURNETT, C. J., and BEAN and BROWN, JJ., concur.