Argued December 7, 1921, affirmed January 17, objections to cost bill sustained January 31, 1922.

## SAVILLE *v.* SAVILLE.

(203 Pac. 584.)

Divorce—"Condonation" Defined.

1. "Condonation" is the forgiveness of a matrimonial offense upon condition that the offense will not be repeated and the offender will thereafter treat the injured spouse with conjugal kindness.

Divorce—Decree may be Denied Where Offense has Been Condoned, Though Condonation has not Been Pleaded.

2. Where it is clearly shown by the evidence that the matrimonial offense has been condoned, the court may deny a decree of divorce, although defendant has not pleaded the condonation.

Divorce—Condonation Implied from Continuance of Cohabitation, Except Where Wife cannot Leave at Once Through Fear or Circumstances.

3. In the absence of statute controlling the matter, condonation of acts of cruelty relied upon to obtain a divorce will sometimes be implied from the continuance of marital cohabitation after the acts were committed, but, since condonation must be a voluntary act, continued cohabitation will not be construed into forgiveness, where through fear or the circumstances surrounding her the injured wife cannot leave at once.

Divorce—No Condonation, Except as to Adultery, in Absence of Express Forgiveness.

4. Under Section 510, Or. L., condonation of a matrimonial offense, except adultery, cannot be established by implication from the voluntary cohabitation of the parties after knowledge thereof,

1. On condonation as defense in divorce action, see notes in Ann. Cas. 1912C, 3; Ann. Cas. 1918A, 651; 14 A. L. R. 931.

but to constitute a bar for any causes of divorce named in the statute, except adultery, the offense must have been expressly forgiven.

**Divorce—Husband to Establish Defense of Condonation of Cruelty must Plead and Prove Express Forgiveness.**

5. Wife suing husband for divorce because of cruelty *held* not to have condoned cruelty, in absence of pleading and proof of express forgiveness, under Section 510, subdivision 4, Or. L.

From Lane: G. F. SKIPWORTH, Judge.

Department 2.

Defendant appeals from a decree, in favor of plaintiff, dissolving the marriage contract between plaintiff and defendant, awarding the custody of their three minor children to plaintiff and requiring defendant to pay plaintiff twenty-five dollars a month for the support and maintenance of the children.

In her complaint plaintiff charges defendant with cruel and inhuman treatment, and specifying the same, alleges in substance that in August, 1919, the defendant, without cause or provocation, grabbed the plaintiff, pushed her up against the wall and shook her and dug his finger-nails into her back; and that on or about December 26, 1919, defendant struck and beat the plaintiff and threw her on to the floor. Defendant in his answer admits that he did upon two occasions, those mentioned in plaintiff's complaint, slap plaintiff in the face. Defendant seeks to avoid the effect of the foregoing admission by an affirmative defense, pleaded as follows:

"That subsequent to any of the dates and times set forth in said complaint, and subsequent to the times when defendant so slapped said plaintiff as hereinbefore expressly admitted, and though having knowledge thereof, plaintiff has many times voluntarily cohabited with defendant, thereby impliedly forgiving defendant of such acts aforesaid."

By her reply plaintiff interposed a general denial to the affirmative matter contained in defendant's answer. The chief contention made upon this appeal relates to the issue of condonation thus raised by the pleadings.

It appears in the evidence that plaintiff and defendant intermarried August 16, 1905, at Vermillion, in the State of South Dakota; that there are three children born of the marriage: a daughter aged thirteen years and two sons aged ten years and two years, respectively; that plaintiff and defendant resided in the State of South Dakota after their marriage until the year 1916, when they removed to Oregon; that the parties had separated for a few days a short time before they removed from South Dakota to Oregon; plaintiff testified that at that time defendant applied physical violence to her. However, plaintiff and defendant became reconciled, and removed to Oregon and took up their residence near Eugene, in Lane County, where they have since resided.

During their residence in Oregon, plaintiff and defendant have had frequent quarrels, but so far as disclosed by the evidence, such quarrels arose over trivial matters. On these occasions defendant displayed a hot temper and a disposition to assault and beat plaintiff. Defendant admitted on the witness-stand, that in August, 1919, he slapped plaintiff in the face. Plaintiff testified to the same incident, and stated that defendant knocked her down. Defendant also testified that on December 26, 1919, he again slapped plaintiff in the face; while plaintiff asserted that on that occasion, defendant knocked her down and beat her, and that her face was black and blue on the left side where defendant struck her. Plaintiff was corroborated in her testimony as to the

condition of her face at that time, but defendant denied that the injury to her face resulted from blows administered by him.

At that time plaintiff and defendant were residing upon a rented farm about three and one-half miles from Eugene. Their dwelling place was situated a mile and a quarter from the main highway and was reached by a rough road, which in the wet season contained many mudholes and much standing water, and was difficult to travel even on foot in the winter time.

During the winter and spring plaintiff on Saturday of each week carried butter and eggs to Eugene and sold the same, purchasing necessaries for the family with part of the proceeds and feed for the stock with the remainder thereof.

The last occasion upon which defendant struck plaintiff was December 26, 1919. Plaintiff continued to reside with defendant and their three children, and to cohabit and sustain the usual marital relations with defendant until June 9, 1920, when plaintiff left defendant and removed to Eugene, taking with her the three minor children of the parties and most of the household goods and effects; thereafter she commenced this suit.

The parties do not appear to have had any serious difficulty between December 26, 1919, and the time plaintiff left defendant. Plaintiff testified that she did not leave defendant sooner after he assaulted and beat her on December 26, 1919, because there was no way of getting out; that she could not carry the baby out that mile and a quarter; that she could not carry the suitcase out there with her butter and eggs; that she was waiting for an opportunity to leave; that she was afraid to leave, because if defendant had

known she was going to go, he would have knocked her down, he did not want her to leave.

Defendant testified that after slapping plaintiff the last time, he told her that he was sorry, but she did not say much about it; she did not afterward throw it up to him; it was dropped right there; that it looked to him as if plaintiff had forgiven him when everything was all right afterward.　　AFFIRMED.

For appellant there was a brief and oral argument by *Mr. Fred E. Smith.*

For respondent there was a brief over the name of *Messrs. Potter, Foster & Immel,* with an oral argument by *Mr. E. O. Potter.*

McCOURT, J.—1. Condonation is the forgiveness of a matrimonial offense upon condition that the offense will not be repeated, and that the offender will thereafter treat the injured spouse with conjugal kindness: *Eggerth* v. *Eggerth,* 15 Or. 626 (16 Pac. 650); 2 Bishop on Marriage, Divorce and Separation (5 ed.), §§ 269, 308; 2 Schouler on Marriage, Divorce, Separation and Domestic Relations (6 ed.), § 1690; 1 Nelson on Divorce and Separation, § 450; 19 Corpus Juris, 83.

2. Where it is clearly shown by the evidence that a matrimonial offense has been condoned, the court may deny a decree of divorce, although defendant has not pleaded the condonation: *Hill* v. *Hill,* 24 Or. 416 (33 Pac. 809).

3. In the absence of a statute controlling the matter, condonation of acts of cruelty relied upon to obtain a divorce will sometimes be implied from the continuance of marital cohabitation after the acts were

committed: 2 Schouler on Marriage, Divorce, Separation and Domestic Relations (6 ed.), §§ 1695, 1701; *Shirey* v. *Shirey,* 87 Ark. 175 (112 S. W. 369); but even in those cases, since condonation must be a voluntary act, continued cohabitation will not be construed into forgiveness, where through fear or the circumstances surrounding her, the injured wife cannot leave at once: *Hickman* v. *Hickman,* 188 Iowa, 697 (176 N. W. 698, 14 A. L. R. 929, and note, where a large number of cases to the foregoing effect are collected).

4. In this state condonation of a matrimonial offense, except adultery, cannot be established by implication from the voluntary cohabitation of the parties after knowledge thereof. To constitute a bar for any of the causes of divorce named in the statute, except adultery, the offense must have been expressly forgiven.

The statute, Section 510, Or. L., provides:

"In a suit for the dissolution of the marriage contract on account of adultery, the defendant may admit the adultery, and show in bar of the suit, * * that the act has been expressly forgiven, or impliedly so, by the voluntary cohabitation of the parties after knowledge thereof."

Subdivision 4 of the same section provides that when the suit is brought upon the ground of cruel and inhuman treatment, "the defendant may admit the charge, and show in bar of the suit that the act * * has been expressly forgiven."

The California statute provides that in cases of divorce upon the ground of cruelty:

"Cohabitation, or passive endurance, or conjugal kindness, shall not be evidence of condonation of any of the acts constituting such cause, unless accompanied by an express agreement to condone."

It is there held that express forgiveness is essential to establish condonation constituting a bar to a divorce for cruelty, and that the same will not be implied from continuance of cohabitation: *Whinnery* v. *Whinnery,* 21 Cal. App. 59 (130 Pac. 1065); *Hunter* v. *Hunter,* 132 Cal. 473 (64 Pac. 772); *Morton* v. *Morton,* 117 Cal. 443 (49 Pac. 557); *Smith* v. *Smith,* 119 Cal. 183 (48 Pac. 730); *Johnson* v. *Johnson,* 4 Cal. Unrep. 446 (35 Pac. 637).

5. The defendant did not allege, or attempt to prove, that plaintiff had expressly forgiven the acts of cruel and inhuman treatment, which he admitted he inflicted upon her; he relied entirely upon forgiveness which he urged the court to imply from the fact of marital cohabitation continuing for some time after the acts of cruelty were committed. This the court is not permitted to do in view of the statute, and accordingly plaintiff was not barred from obtaining a decree of divorce based on the acts claimed by defendant to have been condoned. Defendant in the court below and here rested his claim to defeat plaintiff's suit, upon the defense of condonation; he recognized that by assaulting and beating plaintiff repeatedly, he furnished her with adequate grounds for divorce: *Olson* v. *Olson,* 100 Or. 171 (196 Pac. 829).

The defendant having failed to sustain his defense of condonation, and it appearing that plaintiff's charge of cruel and inhuman treatment is supported by the evidence and admitted by defendant, the decree of the Circuit Court is affirmed.     AFFIRMED.

BURNETT, C. J., and BEAN and BROWN, JJ., concur.