[Civ. No. 5478.  First Appellate District, Division One.—December 20, 1926.]

## FRANCES L. GOETTING, Respondent, v. CHARLES L. GOETTING, Appellant.

[1] APPEAL — PLEADING — UNCERTAINTY IN COMPLAINT—DEMURRERS.— When a case has been tried and a judgment rendered on the facts, in order to warrant a reversal because of error in overruling a demurrer interposed on the ground of uncertainty, it must appear that some substantial right of the demurrant has been affected, some prejudicial error as distinguished from abstract error suffered by him, or he has no ground for complaint.

[2] HUSBAND AND WIFE — SEPARATE MAINTENANCE—COMMUNITY PROPERTY. — In an action for permanent maintenance and support, where the acts of misconduct relied upon by plaintiff, which were found to have caused her grievous mental suffering, commenced before and continued after the adoption in 1917 of the amendment to section 172 of the Civil Code (Stats. 1917, p. 829), relating to the power of the husband over community property, the amendment to section 137 of the Civil Code adopted at the same session (Stats. 1917, p. 35), granting the power in actions for separate maintenance to make the same disposition of the community property as in actions for divorce, was applicable with-

1. See 2 Cal. Jur. 1012.

out being given retroactive effect, and was properly followed by the trial court, where the acts committed after the adoption of the amendment to section 172 were alone sufficient to constitute a cause of action for divorce.

[3] ID.—SUPPORT—JUDGMENTS.—Under section 155 of the Civil Code, a husband contracts toward his wife the obligation to furnish support, and this duty is a continuous one, upon which the action for separate maintenance is based and its specific performance is compelled by the decree.

[4] ID.—DISPOSITION OF COMMUNITY PROPERTY—SECTION 137 OF THE CIVIL CODE—RIGHTS OF HUSBAND.—Vested property rights are held subject to the laws for the enforcement of public and private duties, and hence the act of 1917 amending section 137 of the Civil Code (Stats. 1917, p. 35), and authorizing courts in separate maintenance actions to dispose of community property as in actions for divorce, is not invalid, although it might as a means of enforcing the duty of the husband to furnish support to his wife incidentally divest him of rights in the community property.

[5] CONSTITUTIONAL LAW — VESTED RIGHTS — LEGISLATION. — While vested property rights cannot be divested by the mere force of legislative enactment, such rights are held subject to the laws for the enforcement of public and private duties, and may be divested through their operation.

[6] HUSBAND AND WIFE—SEPARATE MAINTENANCE—STATUTE OF LIMITATIONS.—An action for separate maintenance is not barred by section 343 of the Code of Civil Procedure, such section having no application to actions for divorce or to actions upon a continuing obligation to compel future support, and not to recover for past derelictions.

[7] ID. — COMMUNITY PROPERTY—DIVORCE—JURISDICTION.—The power of a court to compel a husband to provide for his wife from the community property is not confined to cases where she has a cause of action for divorce, although under the amendment of 1917 to section 137 of the Civil Code (Stats. 1917, p. 35), the existence of a cause of action for divorce is made the occasion for the exercise of such power.

[8] ID. — SEPARATE MAINTENANCE — RIGHT OF ACTION — SECTION 137, CIVIL CODE—DIVORCE.—An action for separate maintenance under section 137 of the Civil Code as amended (Stats. 1917, p. 35), in which a cause of action for divorce is made the ground for relief, is not barred unless a divorce on the grounds alleged should be denied under the provisions of sections 124 and 125 of the Civil Code.

---

3. See 1 Cal. Jur. 1027, 1031.

5. See 5 Cal. Jur. 752.

7. See 1 Cal. Jur. 1024.

[9] ID. — DELAY IN BRINGING ACTION — LACHES. — In an action for separate maintenance, the question as to whether the lapse of time after the misconduct complained of before bringing suit is reasonable is for the trial court to determine.

[10] ID.—PLEADING—RELIEF—ISSUES.—While the relief granted in a default case for separate maintenance is governed by the averments of the complaint under section 580 of the Code of Civil Procedure, in contested cases any relief authorized by the facts alleged and proved or admitted may be awarded, and the defendant by answering may enlarge the scope of the relief to any extent consistent with the pleadings and embraced within the issues.

[11] ID. — COMMUNITY PROPERTY ALLOWANCE — AWARD — PLEADING — FINDINGS—DISCRETION.—In a contested action under section 137 of the Civil Code, as amended (Stats. 1917, p. 35), for permanent support and maintenance, an allegation of the existence of certain community property and a prayer for the allowance of a monthly sum for plaintiff's support were sufficient to sustain an award made without any allegation that the award was necessary for plaintiff's support, where defendant by cross-complaint sought, in addition to a decree of divorce, to have all the community property set aside to him and it is not claimed that he was misled to his injury, or that in view of the findings the monthly allowance awarded plaintiff, which was less than the amount asked for, was excessive, or that in its division of the community property the court abused its discretion.

[12] ID. — FAILURE TO FIND ON ISSUE — RELIEF. — In an action for separate maintenance under section 137 of the Civil Code, as amended (Stats., 1917, p. 35), the failure of the trial court to find on certain allegations of the answer, wherein defendant sought to justify his conduct by averring similar acts by plaintiff, does not warrant reversal; such allegations, if true, being no bar to the relief sought.

(1) 4 C. J., p. 935, n. 70.  (2) 30 C. J., p. 1093, n. 9.  (3) 30 C. J., p. 516, n. 46, p. 517, n. 54, p. 518, n. 80, p. 1078, n. 41. (4) 30 C. J., p. 1093, n. 9.  (5) 12 C. J., p. 956, n. 55, p. 957, n. 62 New.  (6) 30 C. J., p. 518, n. 79, p. 1082, n. 16; 37 C. J., p. 802, n. 40.  (7) 30 C. J., p. 1093, n. 9.  (8) 30 C. J., p. 1082, n. 19 New. (9) 4 C. J., p. 777, n. 69; 30 C. J., p. 1097, n. 31.  (10) 33 C. J., p. 1146, n. 91, 92, p. 1147, n. 93.  (11) 30 C. J., p. 1089, n. 6 New. (12) 4 C. J., p. 1060, n. 13.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  *J. E. Woolley,* Judge Presiding.  Affirmed.

The facts are stated in the opinion of the court.

S. Joseph Theisen for Appellant.

Wm. M. Stafford for Respondent.

CASHIN, J.—An action by respondent, Frances L. Goetting, against her husband, Charles L. Goetting, for permanent support and maintenance. The action as to Daisy L. Ford, who was joined as a defendant, was dismissed. Judgment was entered for respondent, from which the husband appealed on the judgment-roll alone, urging as grounds for reversal the insufficiency of the complaint to support the judgment awarding portions of the community property to respondent, that the special demurrer thereto on the ground of uncertainty should have been sustained, and that the action is barred by the provisions of section 343 of the Code of Civil Procedure.

The complaint, which was filed on October 9, 1923, alleged that the parties, who had been married for nearly thirty years, separated on August 17, 1917; that on numerous occasions during their married life the exact dates of which respondent was unable to state, appellant without cause or provocation had cursed her, calling her vile and obscene names, and on numerous occasions had struck and knocked her down; further alleging that without respondent's knowledge or consent he had on numerous occasions prior to the separation accompanied defendant Ford to various cafes and roadhouses, remaining away from his home during the night; that since the separation he had lived with the latter in an apartment house in San Francisco, and that his conduct had inflicted on respondent great bodily harm and grievous mental suffering. The allegations of cruelty were denied by appellant, who filed a cross-complaint for divorce on similar grounds, in which he prayed that the community property be awarded to him.

[1] The averments of the complaint show that the acts of cruelty complained of were wrongfully inflicted, and were sufficient to state a cause of action for divorce. The uncertainties to which the special demurrer was directed related to the language applied to respondent and to the times and places of the commission of the acts alleged. While the

special demurrer of these allegations might properly have been sustained (*Johnson* v. *Johnson,* 4 Cal. Unrep. 446 [35 Pac. 637]), as stated, the allegations were denied by answer and the case tried on the issues presented. When a case has been tried and a judgment rendered on the facts, in order to warrant a reversal for error in overruling a demurrer interposed on the ground of uncertainty, it must appear that some substantial right of the demurrant has been affected, some prejudicial error as distinguished from abstract error suffered by him, or he has no ground for complaint (*Rooney* v. *Gray Bros.,* 145 Cal. 753 [79 Pac. 523]).

The complaint alleged that the appellant was the owner of a mercantile business, from which he derived a large income, together with deposits in certain banks; and by the cross-complaint this with other described property, both real and personal, was alleged to be the community property of the parties. By the prayer of the complaint respondent asked for attorney's fees and costs and for a decree awarding the sum of $400 per month for her support and maintenance, the latter sum being alleged in the prayer to be reasonable in view of the financial condition of appellant. The court found respondent's allegations of personal violence and verbal abuse to be true; that certain of these acts were committed prior to the year 1919, and others before the year 1917, and that the allegations of cruelty contained in the cross-complaint were untrue. The decree divided the real and personal property between the parties, awarded respondent the sum of $125 per month for her support, with a lien on appellant's undivided interest in one of the parcels of real estate as security for its payment.

[2] Appellant contends that it appearing that the community property was acquired previous to the year 1917 he had a vested right to its management and control, with the power of disposition, subject only to the provisions of section 172 of the Civil Code in force prior to the amendment of that section in 1917 (Stats. 1917, p. 829), and that the provisions of the amendment to section 137 of the Civil Code adopted at the same session (Stats. 1917, p. 35), granting the power in actions for separate maintenance to make the disposition of the community property as in actions for divorce, and pursuant to which the court acted in the instant case, could be given no retroactive effect, and hence

were not applicable to community property acquired before its adoption, citing *Spreckels* v. *Spreckels,* 116 Cal. 339 [58 Am. St. Rep. 170, 36 L. R. A. 497, 48 Pac. 228], and *Roberts* v. *Wehmeyer,* 191 Cal. 601 [218 Pac. 22]. Whatever force this contention might have if the action was based wholly on facts arising before the adoption of the amendment it is not necessary to discuss, as it impliedly appears from the findings that the course of conduct on which the court based its decree commenced before its adoption and continued thereafter during the years 1917 and 1918, and that the acts committed during the latter period, which were found to have caused respondent grievous mental suffering, were alone sufficient to constitute a cause of action for divorce. [3, 4] A husband contracts toward his wife the obligation to furnish support (sec. 155, Civ. Code). This duty is a continuing one, upon which the action for separate maintenance is based, and its specific performance is compelled by the decree. The amendment added to the means of enforcing existing rights and requires no retroactive construction to make it applicable to the facts of the instant case. That it might as a means of enforcing the duty of appellant incidentally divest him of rights in the community property does not affect its validity. [5] While vested property rights cannot be divested by the mere force of legislative enactment, such rights are held subject to the laws for the enforcement of public and private duties, and may be divested through their operation.

[6] We are of the opinion that the action was not barred by section 343 of the Code of Civil Procedure. That section has no application to actions for divorce (*Morgan* v. *Morgan,* 190 Cal. 522 [213 Pac. 993]), and where the action is one upon a continuing obligation to compel future support, and not to recover compensation for past derelictions, the statute is not a bar to relief (*Glynn* v. *Glynn,* 139 Ill. App. 185; *Carr* v. *Carr.* 6 Ind. App. 377 [33 N. E. 805]). [7] The power of a court to compel a husband to provide for his wife from the community property is not confined to cases where she has a cause of action for divorce (*Galland* v. *Galland,* 38 Cal. 265; Civ. Code, sec. 137), but the existence of such a cause of action has been made by statute an occasion for its exercise. [8] The object of the present proceeding being as stated it was the evident intention of the

legislature that when a cause of action for divorce is made the ground for relief under section 137 of the Civil Code, the right thereto is not barred unless a divorce on the grounds alleged should be denied under the provisions of section 124 of the Civil Code. The latter section provides no specific limitation for an action for divorce on the ground of extreme cruelty, it being provided merely that a divorce must be denied "when there is an unreasonable lapse of time before the commencement of the action," and by the following section "unreasonable lapse of time" is defined as "such a delay in commencing the action as establishes the presumption that there has been connivance, collusion or condonation of the offense, or full acquiescence in the same with intent to continue the marriage relation notwithstanding the commission of such offense" (sec. 125, Civ. Code). [9] The trial court impliedly found that the period which elapsed before the commencement of the action was not unreasonable. The question whether such lapse of time is reasonable or not is for the trial court to determine (*Johnston* v. *Johnston,* 21 Cal. App. 181 [131 Pac. 81]), and, the evidence not being before us, we cannot say that its conclusion was not supported, or that as a matter of law the period which elapsed was unreasonable (*Strupelle* v. *Strupelle,* 59 Cal. App. 526 [211 Pac. 248]).

It is urged that the averments and prayer of the complaint were insufficient to warrant the relief granted.

[10] After alleging the existence of certain community property respondent asked for the allowance of a monthly sum for her support. Appellant by his cross-complaint sought, in addition to a decree of divorce, to have all the property set aside to him. In *Sherman* v. *Sherman.* 47 Cal. App. 208 [190 Pac. 464], an action for separate maintenance in which the defendant defaulted, it was held that an award of the community property to the wife in the absence of allegations that an award thereof was necessary for her support and of a prayer for such relief was erroneous—this on the ground that the court was bound by the averments of the complaint, which alone were admitted by the default, and that if other relief was sought the defendant was entitled to notice. Such is the rule in default cases (sec. 580, Code Civ. Proc.); but in contested cases any relief authorized by the facts alleged and proved or admitted may be

awarded (*Murphy* v. *Sterling*, 8 Cal. App. 702 [97 Pac. 672]), and the defendant by answering may enlarge the scope of the relief to any extent consistent with the pleadings and embraced within the issues (*Nathan* v. *Dierssen*, 164 Cal. 607 [130 Pac. 12]; *Woods C. & I. Ditch Co.* v. *Porter S. Ditch Co.*, 173 Cal. 149 [159 Pac. 427]).   [11]   In the instant case the question of the proper disposition of the community property was made an issue by appellant's pleading. It is not claimed that he was misled to his injury, or that in view of the findings the monthly allowance awarded respondent, which was less than the amount asked for, was excessive, or that in its division of the community property the court abused its discretion.

[12]   The failure to find on certain allegations of the answer wherein appellant sought to justify his conduct by averring similar acts by respondent does not warrant a reversal (*Mohr* v. *North Rawhide M. & D. Co.*, 177 Cal. 264 [170 Pac. 600]); and these allegations if true would not bar relief (*Mattson* v. *Mattson*, 181 Cal. 44 [183 Pac. 443]).

We find no error in the record which can reasonably be held to have been prejudicial to appellant or to have resulted in a miscarriage of justice, and the judgment is therefore affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 19, 1927, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 17, 1927.