Motion for suit money denied October 3, 1933; argued on merits
February 9; modified March 13, 1934

# ARNDT *v.* ARNDT
(25 P. (2d) 1119, 30 P. (2d) 1)

B. A. *Kliks*, of McMinnville, for appellant.
*Robin D. Day*, of Salem, for respondent.

PER CURIAM. The question involved in this motion was recently under consideration by this court in *Berry v. Berry*, 139 Or. 401 (2 P. (2d) 1110), and in *La Follett v. La Follett*, 138 Or. 411 (2 P. (2d) 1109), where the former decisions of this court are fully reviewed and followed.

On the authority of those cases, the motion is denied for the present, reserving further consideration until the final hearing.

It is so ordered.

Argued February 9; decree modified March 13, 1934

ON THE MERITS

(30 P. (2d) 1)

B. A. *Kliks*, of McMinnville, for appellant.
*Robin D. Day*, of Salem, for respondent.

BEAN, J. Plaintiff and defendant intermarried on September 8, 1920, and lived together until January 6, 1933, a short time before the commencement of this suit. The plaintiff specified in her complaint that for several years last past the defendant has been drinking any kind of intoxicating liquor that he was able to obtain, and that the past two years he has often been drunk, and while in an intoxicated condition defendant would bring home friends of his who were also intoxicated, and while they were in such condition defendant would insist on plaintiff's getting meals for them and on such occasions they would be so drunk that they would scatter food and spill coffee over the table and floor, to the great humiliation of the plaintiff, and that defendant was abusive to plaintiff and to their daughter, and it is shown by the testimony that he said to plaintiff, "Get the hell out of here". The defendant denied the gist of the complaint and complained that plaintiff was faultfinding and nagging and made

disparaging remarks concerning defendant to defendant and to defendant's friends and alleged that plaintiff neglected her work.

The defendant resisted the decree of divorce and after the service of summons and complaint urged plaintiff to return to their home.

The testimony in the case thoroughly supports the allegations of plaintiff's complaint and shows that the defendant has been guilty of cruel and inhuman treatment of the plaintiff. It is unnecessary to state the testimony. We approve the finding of the circuit court to that effect.

The defendant filed a demurrer to plaintiff's complaint, which was overruled and the defendant assigns error in such ruling and that the court erred in allowing the plaintiff a decree of divorce. The plaintiff and defendant were residing upon a small farm near Sheridan, and it is shown that the plaintiff was a dutiful wife and did all she could to help the defendant with the work upon the farm and often implored defendant to cease drinking intoxicating liquor, which he would promise to do but did not keep the promise. There was no error in the overruling of the demurrer to the complaint and granting a divorce to the plaintiff.

■ Defendant assigns that the court erred in granting plaintiff a divorce for the reason that it affirmatively appears, in conformity with section 6-911, Oregon Code 1930, that the act has been expressly forgiven, or impliedly so, by the voluntary cohabitation of the parties after knowledge thereof. That section of the code provides that in suit for dissolution of the marriage contract on account of adultery the defendant may admit the adultery, and show in bar, among other things, that the act has been expressly forgiven, or im-

pliedly so. It does not apply to the case in hand. It was not a condonation for the plaintiff to still cohabit with the defendant after he had been cruel to her and endeavor to dissuade him from continuing as he did. The cases cited by defendant, under section 6-911, relate to accusation of adultery and are not in point. There was no error of the court in respect to this assignment.

The fourth assignment is that the court erred in failing to award a decree of divorce in favor of the defendant. What we have already said precludes such a decree.

██ The defendant assigns error of the court in awarding plaintiff $1,500 for her maintenance and support. It appears from the testimony that at the time the parties were married defendant had about $1,100, most of which he expended for purchasing implements and things for the support of a family and with which to carry on the farm. The plaintiff had about $800 at the time of their marriage, which she expended largely for a piano, furniture and household articles. The plaintiff and defendant had been residing upon a farm consisting of 80 acres of land, which was disposed of by the will of his father, Emil Arndt. The land was devised to the wife of Emil Arndt, the mother of defendant, during her lifetime, from which, together with all the personal property of the deceased, the mother was to have the income. In regard to this land, the will provides as follows:

"3. To my son, Max Arndt, I give, devise and bequeath a certain 80 acre tract of land known as the 'Cooper Tract' and particularly described as follows: (Here follows the description of the land by metes and bounds) containing 80 acres; more or less. But this devise and bequest is given on condition that said Max Arndt shall, within 60 days after receiving title

and possession thereof, pay to my daughter Annie the sum of $2000.00 in cash.''

The will provides that the $2,000 payment to be made by Max Arndt shall be a lien upon the land. The distribution of the property is to be made after the death of the mother. If the defendant is alive at the time of the death of his mother and pays $2,000 within 60 days after obtaining possession of the land, he will own the same. The value of the land is not shown nor the value of the improvements thereon. At the present time the defendant has no title in fee to the land and only a conditional interest therein: *Jerman v. Jerman,* 129 Or. 402 (275 P. 915); *Schafer v. Schafer,* 122 Or. 620 (260 P. 206, 59 A. L. R. 707).

Plaintiff and defendant had six cows and two heifers, the value of which is not shown. The defendant has a tractor upon which there is an indebtedness of $350, which would leave but little, if any, value over the indebtedness. And there are some other farming implements of small value. It is shown that the proceeds from the cows amount to about $24 per month, and the proceeds from the farm, after furnishing feed for the stock, is about $100 per year.

We fail to find how the defendant can possibly satisfy the decree for $1,500, permanent alimony, by paying $175 per year, in addition to the $10 per month for the support of the child. It is shown that the defendant is able to work and earn good wages when he can find employment, but he has been unable to obtain work other than on the farm for some time past on account of the prevailing depression.

The decree for $1,500 for maintenance and support of the plaintiff will be modified so as to read: It is further ordered, adjudged and decreed that defendant

pay the plaintiff the sum of $400 for her maintenance and support, which said sum of $400 shall be payable as follows, to wit: $50 on or before the first of November, 1934, and $50 on or before the first day of November of each and every year thereafter, until the full sum of $400 has been paid, without interest thereon, except that payments overdue shall draw interest at the rate of 6 per cent per annum.

This decree and the payment thereof shall be in lieu of the interest of the plaintiff jointly with her husband, at the time the suit was instituted, in the personal property belonging to plaintiff and defendant, namely: six milk cows, two yearling heifers, one team of horses, harness, tractor, disc, tractor plow, harrow, wagon, mowing machine, automobile, household furniture, cooking utensils, canned fruit, vegetables and meat, as claimed in the affidavit of plaintiff filed in this court. Upon the faithful performance of the conditions and the payment of that part of the decree, the defendant shall be entitled to the personal property above mentioned.

The provision for payment of $10 per month for the care and support of the plaintiff's and defendant's minor child is approved. The judgment of $100 for plaintiff's attorney's fees is approved.

It appears from the record that pursuant to an order of the circuit court the plaintiff obtained possession of the personal property belonging to her individually, including the piano.

■ Plaintiff filed a motion in this court to require defendant to pay into court suit money and counsel fees pending the appeal. The consideration of the application for suit money and counsel fees in this court pending the appeal was reserved for further consideration

until the final hearing. The trial court awarded plaintiff $20 per month for plaintiff and the minor child during the pendency of the suit, for suit and maintenance money, and $100 for plaintiff's attorney's fees.

From the testimony and the record in the case it does not appear that the defendant has the ability to pay any more suit money or counsel fees than was allowed by the circuit court. Plaintiff already has the decree for that amount, which she has not been able yet to have satisfied.

The motion for suit money during the pendency of this appeal and additional counsel fees is denied. The decree of the lower court will be modified as above indicated. Plaintiff will be awarded her costs and disbursements on this appeal.

RAND, C. J., CAMPBELL and BAILEY, JJ., concur.