Argued April 20; affirmed April 27, 1948

## BRENNAN *v.* BRENNAN

192 P. (2d) 858

*W. J. Prendergast, Jr.* and *Leo Levenson,* both of Portland argued the cause and filed a brief for appellant.

*L. A. Recken,* of Portland, argued the cause for respondent. On the brief were Senn, Recken & Recken, of Portland.

Before ROSSMAN, Chief Justice, and LUSK, KELLY and BRAND, Justices.

KELLY, J.

This is a suit instituted by Tressa Brennan against her husband James B. Brennan to secure a divorce from the bonds of matrimony on the ground of alleged cruel and inhuman treatment.

Defendant denies the allegations of cruel and inhuman treatment; alleges condonation by cohabitation; charges plaintiff with having wrongfully appropriated money and other property belonging to him; and prays that plaintiff's complaint be dismissed and for such other and further relief as to the court may seem meet and equitable.

The trial court rendered a decree affirmatively finding that the facts set forth in plaintiff's complaint are true; concluding that plaintiff is entitled to relief herein; that defendant has treated plaintiff in a cruel and inhuman manner rendering her life burdensome; that plaintiff is entitled to a decree of divorce dissolving the marriage contract between plaintiff and defendant and ordering and adjudging that said marriage contract be forever dissolved; that plaintiff be allowed to resume her former name of Tressa Fleming and plaintiff have judgment against defendant for the sum of $75.00 attorney's fees and her costs and disbursements. From that decree defendant appeals.

The alleged cruel and inhuman treatment is stated in plaintiff's amended complaint as follows:

"That the defendant has furthermore on many occasions called this plaintiff vile, profane and indecent names, too vile and profane to be set forth in this complaint, but which plaintiff will disclose at the time of the trial. That defendant some weeks after his marriage to the plaintiff violently assaulted and beat the plaintiff, striking her on the face and causing a discoloration of plaintiff's face, breaking her glasses and causing plaintiff great

physical suffering. That thereafter the defendant begged forgiveness of plaintiff and did promise that if she would not leave him, he, the defendant would never again assault her or lay hands upon her and that he would thenceforth conduct himself as a good and dutiful husband. That plaintiff relying upon the promises of defendant did again live with defendant, but defendant, contrary to his promises, has since that on different occasions assaulted plaintiff violently shaking her, the last time being on the 13th day of April, 1947. That the defendant has furthermore on numerous occasions gone into violent rages and has threatened to strike plaintiff; on many occasions shaking his fist in plaintiff's face, and defendant has furthermore threatened to kill plaintiff and her brother, stating that he would shortly have plaintiff and her brother in the morgue.

That defendant has furthermore wrongfully and falsely accused plaintiff of adultery.

That all of the foregoing has caused plaintiff great mental suffering, worry and anguish, rendering her life burdensome and rendering it impossible for plaintiff to continue the marital relations with defendant.''

In many respects the testimony is conflicting, but the learned trial judge heard the testimony, observed the manner of the witnesses while testifying and entered his findings of facts and conclusions of law in the decree of divorce as above stated.

■ A careful consideration of the testimony convinces us that the findings of fact, conclusions of law and decree of the trial court should not be modified, overruled or set aside. *Fuller v. Fuller,* 175 Or. 136, 139, 151 P. (2d) 979.

One feature of this record is especially illustrative of the basis of our conclusion that plaintiff is entitled to the relief awarded by the trial court.

As above stated, plaintiff alleges that defendant wrongfully and falsely accused her of adultery. In this connection, plaintiff testified that some time in the early part of April, 1947, defendant said that she had been running around with her former husband and among other epithets he called her a "two-bit chippy."

In an affidavit of defendant filed in this cause on April 23, 1947, we find the following statement:

"That on or about the first part of April, 1947, the defendant returned from a business trip in Eastern Oregon, and discovered that the plaintiff unknown to him, had been consorting with her ex-husband." (Transcript of Testimony, p. 131.)

■ We are well aware that the meaning once given to the verb, "consort" namely, illicitly "to cohabit or live together", has become obsolete; but taking the above quoted statement in defendant's affidavit together with his characterization of plaintiff as a "two-bit chippy", we feel that the learned trial judge committed no error when he found *inter alia* to the effect that defendant had accused plaintiff of adultery. Defendant failed to prove his accusation and in that state of the record a decree of divorce is justified.

The only error assigned by defendant is that—

"The evidence in this case was not sufficient to justify a decree in favor of respondent and the court erred in granting her a decree of divorce."

One charge of cruelty alleged by plaintiff refers to an incident that took place at the residence of Mr. and Mrs. Tito about six weeks after the marriage of the parties hereto. Plaintiff's version of that incident is that defendant was seated at the piano and his unseemly conduct caused her to remonstrate with him by asking him not to make himself conspicuous, whereupon

defendant grabbed her, pushed her out of the house, broke her glasses and threw her into the automobile. One of the plaintiff's witnesses testified that at that time defendant jerked plaintiff out of the door, threw her out on the lawn; that defendant hit plaintiff a few times, jerked her dress over her head and threw her into the car.

Defendant's version is to the effect that plaintiff was intoxicated; that while he was assisting her to their car, she stumbled and caught her dress as she fell. The dress was introduced in evidence and the nature and location of the hole torn in it is such that we think plaintiff and her witnesses related the circumstances substantially as they transpired.

No good purpose can be served by recording the other acts of cruelty reflected by plaintiff and her witnesses.

Two features of defendant's answer however will be noted.

One has to do with his alleged earnings which he asserts were turned over to plaintiff upon the representation that she would help him save therefrom; but, he claims plaintiff appropriated said earnings together with $1100.00 of the money derived from the sale of his interest in certain real property. It appears that the total amount so received by defendant was $1700.00; that defendant owed plaintiff $600.00 which he paid to her; and defendant's contention is that in addition to his earnings, this balance of $1100.00 was appropriated by plaintiff.

The testimony is conflicting with regard to the fiscal dealings between the parties and is altogether too nebulous and uncertain to support a decree as upon an accounting.

We find nothing in the record concerning the financial dealings of the parties that serves to justify, excuse or even explain defendant's cruelty to his wife.

■ As stated, defendant in his answer pleads condonation by subsequent cohabitation.

"Condonation of a marital offense, except adultery, cannot be established by implication from the voluntary cohabitation of the parties after knowledge thereof, and to constitute a bar to any of the causes of divorce named in the statute except adultery the offense must have been expressly forgiven." *Claude v. Claude,* 43 Adv. Sheets, 215, 219, 174 P. (2d) 179, opinion by Mr. Justice LUSK, citing *Saville v. Saville,* 103 Or. 117, 122, 203 P. 584; and *Arndt v. Arndt,* 146 Or. 347, 350, 25 P. (2d) 1118, 30 P. (2d) 1.

The learned trial court did not err in granting plaintiff a divorce. The decree of the circuit court is affirmed.