Argued September 10, affirmed November 7, 1962

# McKEE v. McKEE
### 375 P. 2d 826

*Al J. Laue* and *Otto R. Skopil, Jr.,* Salem, argued the cause for appellant. With them on the brief were Williams & Skopil, Salem.

*Lamar Tooze, Jr.,* argued the cause for respondent.

With him on the brief were Tooze, Powers, Kerr, Tooze & Morrell and Edwin J. Peterson, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN, and DENECKE, Justices.

ROSSMAN, J.

This is an appeal by the plaintiff, Marshall R. McKee, from a decree entered by the circuit court which awarded to the defendant, his wife, a decree of divorce, monthly alimony and a division of the property which the two had accumulated during their marriage.

The first assignment of error reads:

> "The trial court erred in granting the defendant a divorce on the grounds of cruel and inhuman treatment as there was insufficient evidence presented by the defendant to support the charge."

The plaintiff instituted this suit with a complaint that averred eight specifications of its general charge of cruel and inhuman treatment; one of them was: "The defendant has threatened to kill, and on one occasion did attempt to kill, the plaintiff." The answer denied all averments of the complaint and set forth a counter complaint against the plaintiff. Upon the day set for trial the plaintiff gave no testimony whatever in support of his charges; but the defendant supported her counter complaint with testimony. The trial judge awarded the divorce to the defendant.

We have read the testimony. An unfounded accusation of attempted homicide is worthy of consideration as cruel and inhuman treatment, Nelson, Divorce and Annulment, 2d ed., § 6.22 at page 276; 27A CJS Divorce, § 28 (2). We do not believe that the assign-

ment of error just quoted possesses merit and dismiss it.

The second assignment of error follows:

"The trial court erred in denying plaintiff's motions for leave to file an Amended Reply to defendant's Amended and Supplemental Answer and Counterclaim and for leave to introduce additional testimony in support of his allegations of reconciliation and condonation."

The parties rested the presentation of evidence December 14, 1960. April 10, 1961, the plaintiff filed a motion "for an order setting a time for the taking of additional testimony on the basis of newly discovered evidence." The motion was accompanied with an affidavit of the plaintiff in which he stated:

"* * * subsequent to the divorce hearing which was held in the Marion County Court House on the 13th day of December, 1960, the defendant, my wife, and I resumed our marriage relationship on March 2, 1961, and that this affiant and the defendant continued to live together as husband and wife until March 24, 1961, at which time the defendant requested that I move from the family home. * * *"

July 26, 1961, the plaintiff filed a motion in which he requested leave "to file an Amended Reply." The motion was accompanied with a tender of an amended reply. The latter averred:

"Since the hearing of the merits of the subject suit plaintiff and defendant reconciled and settled their differences and lived together as husband and wife * * *"

The proferred amended reply was presented approximately 7½ months after the close of the evidence or 4 months after the purported reconciliation had ended in failure. No affidavit was filed explanatory of the delay.

July 31, 1961, after argument, the motion to file the amended reply was denied. Concurrently therewith the motion to present further testimony was also denied. The trial judge, however, permitted the plaintiff to present his evidence upon the averments of reconciliation under the equity rule of taking testimony over objection.

■ A section of our laws, ORS 16.309, authorizes delayed amendments to pleadings, but subjects their allowance to the discretion of the circuit court judge. The making of amendments of that kind is not an absolute right which belongs to the litigant, but is a privilege which our laws subject to the discretion of the trial judge. When acting upon such motions he is a judicial sentry whose function it is to prevent abuses and permit only those tardy amendments which will promote the administration of justice. Our attention has been called to nothing which indicates that the order denying the motion to amend constituted an abuse of discretion.

Testimony pertaining to the purported reconciliation which was received over objection showed that the parties attempted a reconciliation which began March 2, 1961. Upon the evening of that day the plaintiff returned to the family home in which the defendant had continued to live. Although that first night could be deemed a resumption of the marriage, the remainder of the period of attempted reconciliation could hardly qualify as anything but a joint occupancy of the house. March 24, the plaintiff, upon the request of the defendant, vacated the home.

■ We have read all of the testimony that was taken under the rule upon the claim advanced by the

plaintiff that March 1 the parties became reconciled to each other. ORS 107.070 reads:

"(1) In a suit for dissolution of the marriage contract on account of adultery, the defendant may admit the adultery and show in bar of the suit that:
* * *

"(b) The act has been forgiven, expressly or by implication from the voluntary cohabitation of the parties after the injured party had knowledge thereof;
* * *

"(2) When the suit is for any of the causes specified in subsections (3), (4), (5) or (6) or ORS 107.030, the defendant may admit the charge and show in bar of the suit that the act was committed by the procurement of the plaintiff or that it has been expressly forgiven; * * *"

Subsection (6) of ORS 107.030 is "Cruel and inhuman treatment or personal indignities rendering life burdensome." This case is based upon the provision of our laws just quoted. Thus, express forgiveness and not implied forgiveness, as authorized in cases based upon charges of adultery, was necessary to sustain plaintiff's contention. The plaintiff's tendered reply said nothing concerning forgiveness.

The following is taken from *Hollingsworth v. Hollingsworth*, 191 Or 374, 229 P2d 956:

"In any event, in Oregon, condonation of a marital offense other than adultery cannot be implied by mere resumption of voluntary cohabitation after knowledge of such offense by the innocent party. To constitute legal condonation in such cases, there must be an express forgiveness. Saville v. Saville, 103 Or. 117, 122, 203 P 584; Claude v. Claude, 180 Or. 62, 68, 174 P 2d 179. There was none here, and, as the case stands, the only condonation that existed was such as might have been

implied by the resumption of cohabitation, which, as we have shown, is not legal condonation under our law except in adultery cases. * * *"

From a comprehensive annotation on the subject of "Divorce—Cruelty—Condonation" in 32 ALR2d 107, we take the following:

"Likewise, under the Oregon statute providing that where the suit is brought upon the ground of cruel and inhuman treatment the defendant may admit the charge and show in bar of the suit that the act 'has been expressly forgiven,' the court will not imply a condonation of cruelty from mere voluntary cohabitation of the spouses; there must be an express forgiveness. Saville v. Saville (1922) 103 Or 117, 203 P 584; Claude v. Claude (1946) 180 Or 62, 174 P2d 179; Brennan v. Brennan (1948) 183 Or 269, 192 P2d 858; Hollingsworth v. Hollingsworth (1951) 191 Or 374, 229 P2d 956."

The testimony fails to disclose that the defendant forgave the plaintiff for the wrongs which he had committed and which are alleged in the answer.

The two assignments of error reveal no merit. The challenged decree is affirmed.